MATHILDA JOHNSON, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

First Department, December 7, 1928.

*Ferdinand H. Pease* of counsel [*Louis H. Cooke,* attorney], for the appellant.

*Harry Lesser* of counsel [*Emanuel S. Steinberg,* attorney], for the respondent.

MERRELL, J. The plaintiff, as beneficiary under a policy of life insurance for $2,000 issued by the defendant upon the life of one John Johnson, plaintiff's son, brought this action to recover upon

said policy. Under the terms of the policy, in consideration of the payment in advance of the sum of $28.82 and the payment semiannually thereafter of premiums in like amount, the defendant agreed to pay the plaintiff the face amount of said policy upon receipt of due proof of death of the said John Johnson. The policy became effective on March 6, 1924, and the initial premium was for the period terminating on the 6th day of September, 1924. A like premium was payable on September 6, 1924, and every six calendar months thereafter during the life of the insured until premiums for twenty full years were paid. The evidence at the trial established the payment by the insured of the semi-annual premiums due on September 6, 1924, and on March 6, 1925. The premium due and payable on September 6, 1925, was not paid when it fell due, nor was it paid within the thirty-day grace period provided in the policy. It is the contention of the defendant, appellant, that the said policy lapsed by the failure of the insured to pay the premium which fell due on September 6, 1925, under the terms of the policy. Evidence introduced at the trial in City Court established that the premium due on September 6, 1925, was, in fact, paid on November 10, 1925, together with interest thereon from September 6, 1925. The defendant asserts that such premium was paid and received pursuant to the reinstatement of said policy upon the application of the insured. The defendant produced an application for reinstatement purporting to have been signed by the insured and dated on November 6, 1925. In this application to the defendant for reinstatement of the policy in suit, it was represented that the assured was, at the time of making such application, in good health and that, within a period of twelve months, he had not had any illness nor consulted nor been treated by any physician, nor been prevented by illness or accident from continuously pursuing his customary occupation, which was the same then as it was when he applied for said policy. These representations, the defendant asserts, were fraudulent and untrue, and that the reinstatement of the policy in suit, in reliance upon the truth of such representations, was procured by fraud. It was stipulated at the trial that the assured was confined at Fordham Hospital from June 24, 1925, to October 23, 1925, and at Seaview Hospital from October 23, 1925, until his death on January 3, 1926, and that he consulted and was treated by physicians at said hospitals during that time, on account of illness. The proofs show that the assured died as the result of chronic pulmonary tuberculosis. The defendant, appellant, established at the trial that the premium due September 6, 1925, which was paid on November 10, 1925, was paid by virtue of the reinstatement of said policy,

and that the policy having been reinstated as the result of false representations of the assured, it rescinded such reinstatement and tendered to the plaintiff the premium aforesaid. At the trial the plaintiff sought to deny that the assured signed the reinstatement application, and argues upon this appeal that no sufficient proof was offered by the defendant upon the trial that the assured made the application or the representations contained therein. At the trial plaintiff's proof was limited to the production of the policy and proof of its execution, the receipt by defendant of the premium which became due on September 6, 1925, the proofs of death, and the concession of the non-payment of the policy. The defendant's receipt for the premium in question, which became due on September 6, 1925, was offered in evidence. The receipt does not indicate when the premium was actually paid, and upon the admission of the receipt in evidence counsel for the defendant reserved the question as to the date when said premium was actually paid. In our opinion the proof of the defendant amply established the fact that the premium in question was paid on November 10, 1925, in connection with the reinstatement of the policy. The defendant established the mailing of the premium notice and the lapse of the policy, at the trial. No evidence was offered on the part of the plaintiff rebutting the same. The policy provided the dates when the semi-annual premium payments were to be made. The different dates for the payment of premiums were fixed by the terms of the policy as March sixth and September sixth, in each year. The evidence shows, beyond any question, that the premium payable on September 6, 1925, was not paid at that time, nor was it paid within the thirty-day grace period following that date. The policy itself provided the manner in which it might be reinstated in case of the default in payment of premiums provided by the policy, as follows:

" Reinstatement.— At any time within five years after any default, upon written application by the Insured and upon presentation at the Home Office of evidence of insurability satisfactory to the Company, this Policy may be reinstated together with any indebtedness in accordance with the loan provisions of the Policy, upon payment of loan interest, and of arrears of premiums with five per cent interest thereon from their due date."

The defendant contends that the application for reinstatement was made by the assured on November 6, 1925, and was approved by the defendant on November 9, 1925, and the defendant established by satisfactory evidence that on the date of the approval of such reinstatement of said policy the assured paid the premium of twenty-eight dollars and eighty-two cents, which became due

and payable on September 6, 1925, together with the sum of twenty-four cents interest thereon at five per cent from said last-mentioned date to the date of payment, all of which was in strict compliance with the " reinstatement " clause in the policy above quoted. The assistant secretary of the defendant testified at the trial that the plaintiff herself admitted to him that the signature upon this application for reinstatement was that of the insured. At the trial, however, the plaintiff testified that she could not say that the signature on the application for reinstatement was that of the assured, and that she did not see him sign his name thereto. No evidence was offered at the trial controverting the defendant's contention that the policy in suit lapsed for failure to pay the premium due on September 6, 1925. The plaintiff, however, contends that the subsequent receipt of the premium due on September 6, 1925, by defendant, without any proof on her part as to when said premium was, in fact, paid, was proof that the policy did not lapse within the lifetime of the assured. It may be fairly inferred, however, from the proofs in the case that the premium in question was paid, as testified to by the witnesses for the defendant, in November, 1925, and that it was made in connection with the reinstatement of said policy. The stipulation entered into at the trial conclusively established the misrepresentation in the application for reinstatement of the policy. The contention of the plaintiff that the application for reinstatement of the policy was not that of the assured can be of no avail to her. Unless the policy was reinstated there could be no recovery as it had lapsed for failure to pay the premium which fell due on September 6, 1925. Whether or not the application for reinstatement was signed by the assured, the evidence clearly shows that the payment of the premium in question was made as the result of such application for reinstatement. However, we think the proofs sufficiently show that the assured did apply for the reinstatement of his lapsed policy, and that the premium was paid in connection with such reinstatement. Under the proofs adduced at the trial there was no issue for the determination of the jury, and a verdict should have been directed by the trial court in favor of the defendant.

The determination of the Appellate Term and the judgment of the City Court should be reversed, with costs to the appellant in this court and in the Appellate Term, and plaintiff's complaint dismissed, with costs.

Dowling, P. J., Finch, McAvoy and Proskauer, JJ., concur.

Determination so appealed from and judgment of the City Court reversed, with costs and disbursesments to the appellant in this court and in the Appellate Term, and the complaint dismissed, with costs.