ANGIE HOFF, Respondent, *v.* MARY HOFF, Appellant, Impleaded with SUPREME LODGE, KNIGHTS OF PYTHIAS, and EDWARD J. HOFF, Defendants.

Third Department, November 15, 1916.

Insurance — change in beneficiary in certificate of fraternal benefit society — application of section 58 of Insurance Law.

In an action between the widow and mother of a decedent to determine which was entitled to the proceeds of a certificate of insurance issued by a fraternal benefit society, it appeared that the decedent had made his wife the beneficiary when the insurance certificate was issued, but afterwards attempted to make his mother the beneficiary, but died before the change became effective. *Held,* that under the certificate and rules of said fraternal benefit society, the attempted change in beneficiary had not been completed prior to the death of the insured, and that, therefore, the wife is entitled to the amount of the certificate.

Section 58 of the Insurance Law, providing that the entire agreement must be contained in the policy or attached to it, does not apply to the certificate of a fraternal benefit society.

APPEAL by the defendant, Mary Hoff, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 28th day of June, 1916, upon the decision of the court after a trial before the court without a jury.

*Borden D. Smith* and *F. E. Moyer,* for the appellant.

*Loucks & Alexander* [*John Alexander* of counsel], for the respondent.

COCHRANE, J.:

This is a controversy between the widow and mother of John H. Hoff, deceased, as to which is entitled to the proceeds of a certificate of insurance issued by the Supreme Lodge, Knights of Pythias, of which Hoff was a member. Plaintiff is the wife and Mary Hoff is the mother. Hoff made his wife the beneficiary when the insurance certificate was issued. He afterwards attempted to make his mother the beneficiary, but died before the change became effective. The Knights of Pythias is a fraternal benefit society and section 58 of the Insurance Law (Consol. Laws, chap. 28; Laws of 1909, chap. 33) does not apply to it, which provides that the entire agreement must be contained in the policy or attached to it. (Insurance Law, § 230, subd. 4, as added by Laws of 1911, chap. 198.) The society has a governing board and by-laws and what are known as statutes governing among other things changes of beneficiaries. Section 231 of the Insurance Law, subdivision 2, as added by chapter 198 of the Laws of 1911, provides that the members shall have the right to change the beneficiary "in accordance with the laws, rules and regulations of the society." The point of the appellant is that Hoff had made application to change the beneficiary and that there was nothing left for the society to do but to formally execute his wish in accordance with a line of cases holding that when the member has met all the requirements which can be exacted of him in reference to changing the beneficiary, and no discretion is left with the insurance company and nothing remains for it to do but to formally make the change, the law will

regard the change as made. With that principle in view it is necessary. for us to consider what the rules of the society required and whether Hoff when he died had done all that could legally be required of him. Statute 492 of the society relates to changing beneficiaries and provides that the application shall be made and forwarded with the certificate then in force "to said board." Hoff had lost his certificate and could not, therefore, comply with that rule. Rule or statute No. 493 of the society applies to the case of a lost certificate and provides that "in case a member, desiring to change his beneficiary, shall be unable to surrender the Certificate then in force from any cause, the Board may issue a new certificate upon proof of the facts by affidavit of the member and the execution by him of such instruments of release or indemnity as shall be deemed necessary, but this shall be optional with the Board, and no attempted change shall be valid until accepted by the Board." The application for change of beneficiary which Hoff submitted to the society contained his statement that he released all his right, title and interest in and to said lost or destroyed certificate and agreed to surrender the same to the board of control should it ever come to his possession. This was executed October 15, 1913, and forwarded to the board. On October eighteenth the secretary of the board mailed to the local secretary of the order to which Hoff belonged a proposed consent to the change to be signed by his wife, and if that. could not be obtained, a proposed affidavit for Hoff to make stating that she had paid none of the premiums. On the same day that this was mailed Hoff died. The claim is now made that the rules of the society did not provide for· this proposed consent of the wife or affidavit by Hoff, and that. Hoff had done all that could be required of him under the rules. and the·change should have been made automatically. It will be observed that rule 493, above quoted, provides for "such instruments of release or indemnity as shall be deemed necessary." Hoff himself stated in his application that he released the society, but that may not have been sufficient to satisfy the society. They had a right to ask for reasonable indemnity as against any claim of his wife or otherwise, and when they asked for her consent or in lieu thereof his affidavit that she had paid

nothing, they were in line with the provision of the rule that they might call for such indemnity as they should deem necessary. If Hoff failed to send on the consent of his wife, or a satisfactory affidavit, the society might have followed it up with a demand for proper indemnity, and in doing so would have been within the rule aforesaid. The attempted change had clearly not been " accepted by the Board " as rule 493 provided, and I think the authorities relied on by the appellant are not available here. There is no question of the good faith of the society. They have paid the money into court and it made no difference to them whether they paid it to the wife or the mother, and the officer of the society testified that they were following the usual course in such cases. Hoff died before he had completed his intended change of beneficiary, and the trial justice was right in holding that the wife was entitled to receive the amount of the certificate.

I recommend that the judgment be affirmed, with costs.

Judgment unanimously affirmed, with costs.