MARYANA SAAD, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

First Department, June 2, 1922.

Insurance — life insurance — warranty that within five years applicant had not consulted or been treated by any physician — testimony by physician to several consultations within five years — testimony not impeached by statements of same physician in proofs of death — physician should have been permitted to explain answers in proofs.

In an action on a life insurance policy the defense interposed was that the insured had falsely stated and warranted that, within five years before the application, he had not consulted any physician or been treated by any physician.

Upon the trial the defendant swore a physician to prove a large number of consultations within five years before the issuing of the policy and the making of the application therefor. To this evidence the plaintiff interposed the statements of the same physician made upon the proofs of death in which proofs to the question as to what diseases the physician had treated or advised the deceased prior to his last illness, the answer was " Phimosis operation ten years ago. Nothing else of any importance."

*Held,* that it was error to refuse to permit the physician to make any explanation of his answer to the question in the proofs of death which would not violate section 834 of the Code of Civil Procedure on the ground that it revealed confidential information.

Furthermore, it was error for the court to allow the jury to say that the statement in the proofs of death tended to impeach the testimony of the physician on the trial for the statement that the physician had not treated the insured for any disease of any importance was not a contradiction of his positive testimony as to the numerous treatments given to the deceased within five years prior to the application, and so the proofs of death did not constitute an impeachment of the testimony of the physician on direct examination.

APPEAL by the defendant, New York Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of October, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 14th day of November, 1921, resettling an order entered in said clerk's office on the 21st day of October, 1921, denying defendant's motion for a new trial made upon the minutes.

*James H. McIntosh* [*Louis H. Cooke* of counsel], for the appellant.

*Ferris & Ansbacher* [*Jacob Ansbacher* of counsel], for the respondent.

SMITH, J.:

The action is upon a life insurance policy. In making the application for the life insurance the assured stated and warranted that within five years he had not consulted any physician or been treated by any physician. Upon the trial the defendant swore a physician by the name of Dr. Ryan to prove a large number of consultations within the five years prior to the issuance of the policy and the making of the application therefor. To this evidence the only answer which the plaintiff offered was the statement of this same physician upon the proofs of death. Upon those proofs the question was asked of the physician for what diseases he treated or advised the deceased prior to his last illness, and also he was asked to give date, duration and result of each call. To that was answered, " Phimosis operation ten years ago. Nothing else of any importance." The physician was then asked what he meant

by that declaration, and was not permitted to answer by reason of the prohibition of section 834 of the Code of Civil Procedure.* The assured died from goiter about a month and a half after the taking out of the policy. There is some evidence, however, to the effect that he was not treated for goiter until after the application for the insurance. The case was submitted to the jury solely upon the testimony of this physician that the deceased had consulted him a large number of times within five years prior to the making of his application, and upon what is claimed to be the contradictory statement, offered for the purpose of impeaching the witness, that within that five years he had treated him for nothing of importance except phimosis, for which an operation was performed ten years before. The jury found a verdict for the plaintiff for the full amount of the policy, thus holding that the testimony of this disinterested witness had been impeached, and that the defendant had failed to prove by a preponderance of evidence that the representations made in the application were false.

As this action is brought by the beneficiary under the policy, who is not the executor or administrator of the deceased, there is no one in court who can waive the restriction placed upon the giving of testimony by a physician under section 834 of the Code. (See Code Civ. Proc. § 836.)† While it probably was not competent, even in explanation of that statement, to divulge any confidential information that the physician derived from the deceased while treating him, nevertheless, the physician should have been allowed upon the examination to make any explanation of his answer to that question which might not reveal such confidential information. But, with or without explanation, I think the trial judge erroneously allowed the jury to say that this statement in the proofs of death tended to impeach the testimony of the physician. The information which the defendant sought from the signed application was whether any physician had been consulted. The answer to this question was that none had been consulted. Whether or not the consultation was in reference to a material matter was for the defendant to judge and not for the insured or his physician to pass upon. The statement in the proofs of death that the physician had not treated the assured for any disease of any importance was not, therefore, a contradiction of his positive testimony as to the numerous treatments given to the deceased within five years and in fact shortly prior to the application for the insurance. This evidence was given by a disinterested witness. It is not met in any way except by an attempted impeachment of his testimony by a declaration

---

* Now Civ. Prac. Act, § 352.— [REP.     † Now Civ. Prac. Act, § 354.— [REP.

in the proofs of death, which, in our judgment, does not go to the extent of impeaching his testimony.

The judgment and order should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.