MARGARET GARRETT, Respondent, *v.* SUPREME TRIBE OF BEN HUR, Appellant.

Fourth Department, January 5, 1927.

**Insurance — fraternal benefit insurance — action on certificate — defense of misrepresentation by member as to last date he consulted physician — evidence showed that member consulted physician several months after date given and about one month before application — false statement in application voided certificate — Insurance Law, § 58, does not apply to fraternal benefit societies.**

In an action to recover on a fraternal benefit certificate on the life of plaintiff's husband, it was a good defense that the husband falsely represented the last date on which he was attended by a physician, it appearing that he stated in his certificate that he was last attended in May, 1919, when, as a matter of fact, he was last attended by a physician in October, 1919, less than one month prior to his application for insurance.

The false representation made by plaintiff's husband was material and constituted a breach of warranty which made the certificate void, preventing a recovery thereon.

Section 58 of the Insurance Law, providing that all statements made by the applicant for a policy of insurance shall, in the absence of fraud, be deemed representations and not warranties, has no application to this case for the defendant herein is a fraternal benefit society and that section applies only to life insurance corporations.

APPEAL by the defendant, Supreme Tribe of Ben Hur, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 16th day of June, 1926, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Thayer, Wisch & Van Norman* [*Wallace Thayer* of counsel], for the appellant.

*John J. Brown*, for the respondent.

CLARK, J.  This action was brought to recover on a certificate issued by defendant, by the terms of which it agreed to pay to plaintiff $1,000 on the death of her husband, John Garrett.

Defendant is a foreign mutual benefit society, duly authorized to transact business in this State.

Plaintiff's husband died on the 27th day of January, 1922, and proofs of loss were seasonably made by plaintiff and served on the defendant.

Payment is resisted by defendant on the single ground that in his application for insurance deceased misrepresented the date when he had last consulted a physician.  The application for the benefit certificate was in writing, and dated the 17th day of November, 1919, and signed by deceased.

Among the questions propounded to him by defendant's medical examiner and his answers thereto, were the following:

" 8 (a) How long since you consulted or were attended by a physician?  May, 1919.

" (b) State name and address of such physician?  Dr. Dooley, Elk Street.

" (c) For what disease or ailment?  Tonsilitis, uneventful recovery in five days."

In the application the insured had represented and warranted that the " statements and answers contained in this application and medical examination are full, complete and true," and that any untrue answer made by him in the application or medical examination should vitiate the benefit certificate and forfeit all payments made thereon.

Defendant issued the benefit certificate in question and agreed to pay the plaintiff, wife of the applicant, $1,000 on his death, " provided that there has been no breach of the warranties in the application for membership or in the medical examination upon which this beneficial certificate is issued."

Defendant claims that the insured breached the warranty as to the time when he last consulted or was attended by a physician, and that, therefore, by the express terms of the application on which the certificate was issued, it was void.

In response to questions propounded to him at the time of his medical examination, and before the certificate in question was issued, plaintiff's husband had stated and represented that he had not consulted or been attended by a physician since May, 1919, and gave the name of the physician he then consulted — Dr. Dooley, of Elk street, Buffalo.

It appears from the evidence, which is undisputed, that on the 27th or 29th of October, 1919, deceased had consulted Dr. Delancey

Rochester, of Buffalo, who attended and advised him in a professional capacity, and that deceased paid him for such consultation and advice, and that at the time plaintiff's husband was sick.

These facts were not disclosed in the application for the benefit certificate, but the insured permitted his application to go to defendant with the statement that he had not consulted or been treated by a physician since May, 1919, giving the name of the physician who treated him at that time, whereas the fact was that in October, 1919, and less than a month before he applied for the benefit certificate in question, he had consulted another and entirely different physician. These facts the insured withheld and concealed from the medical examiner.

There can be no question that the representation that the applicant had not consulted or been attended by a physician subsequent to May, 1919, was a material representation, and that it was false.

When defendant, through its medical examiner, made the inquiry of the applicant as to how long it had been since he had consulted or been attended by a physician, and the applicant undertook to answer the questions, it was his duty to answer them truthfully, and not conceal from defendant's representative the fact that only a short time before the application for the certificate was made, and when he was ill, he had consulted another physician.

The certificate issued to plaintiff's husband contained a statement to the effect that the application for membership and the medical examination signed by him were parts of the agreement between the society and the applicant, and that the statements therein, signed by him, were warranted to be true.

When the applicant failed to disclose to the medical examiner the fact that he had consulted Dr. Rochester in October, 1919, but represented that he had not consulted or been attended by a physician since May, 1919, he breached the warranty on a matter material to the risk, and it will defeat a recovery on the certificate. (*Sparer* v. *Travelers Ins. Co.*, 185 App. Div. 861; *Tunnard* v. *Supreme Council*, 201 id. 746; *Schane* v. *Met. Life I s. Co.*, 76 id. 271; *Grubiak* v. *John Hancock Mut. Life Ins. Co.*, 212 id. 126; *Roche* v. *Supreme Lodge*, 21 id. 599; appeal dismissed, 159 N. Y. 565.)

Section 58 of the Insurance Law, providing that all statements made by the applicant for the policy should, in the absence of fraud, be deemed representations and not warranties, has no application here, for this defendant is a fraternal benefit society, whereas that section by its terms applies only to life insurance corporations. (*Hoff* v. *Hoff*, 175 App. Div. 40; *Baumann* v. *Preferred Accident Ins. Co.*, 225 N. Y. 480.)

The statement in the application that the insured had not consulted or been treated by a physician since May, 1919, being concededly false, must be construed as a warranty, and its breach by the applicant is fatal to plaintiff's cause of action. (*Gaines* v. *Fidelity & Casualty Co.*, 188 N. Y. 411; *Alden* v. *Knights of Maccabees*, 178 id. 535.)

The judgment should be reversed on the law and the facts, and the complaint dismissed, with costs.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Judgment and order reversed on the law and facts, with costs, and judgment directed in favor of the defendant dismissing the complaint, with costs.