PAUL KRAUZA and Another, Respondents, v. GOLDEN SEAL ASSUR-
ANCE SOCIETY, Appellant.

Fourth Department, June 28, 1927.

Insurance — fraternal benefit life insurance — action on policy — defense
that assured made material false representations as to medical history
— burden on defendant to show that consultations with physicians
related to organic rather than functional or temporary disorders —
materiality of representations was not shown.

This is an action to recover on a fraternal benefit certificate and is defended on the ground that the insured made a misrepresentation as to the material facts in that he represented that he had never consulted a physician. The certificate contained a provision that it was incontestable after the expiration of two years from the date thereof, except in cases of fraud or misstatement as to a material fact. Since this action was begun more than two years after the date of the issuance of the certificate, it is incontestable except as to fraud or misstatement of a material fact.

The insured died from acute pneumonic phthisis, the remote cause being pulmonary tuberculosis. There is evidence that the acute condition which caused the insured's death did not exist more than three months before his death and no proof is given as to the date of the onset of pulmonary tuberculosis, but the defendant's examination at the time of the application disclosed no evidence of tuberculosis. Testimony was introduced to show that the insured had, a short time before the application was made, consulted two physicians, one of whom took a sample of sputum and advised and treated the insured, but there is nothing in the record to show the insured's physical condition which caused him to consult the physicians. The burden was upon the defendant to show that the false representation by the insured that he had not consulted physicians

was material.   Consultation would have been material if it had related to some organic or permanent disease or malady rather than a functional or temporary disorder.   In view of the fact that the defendant has failed to establish for what purpose the consultation was had, it has failed to sustain the burden of showing that the misrepresentation by the insured was of a material fact.

APPEAL by the defendant, Golden Seal Assurance Society, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 20th day of August, 1926, upon the verdict of a jury, and also from an order entered in said clerk's office on the 15th day of September, 1926, denying defendant's motion for a new trial made upon the minutes.

*John H. Clogston,* for the appellant.

*Charles E. Doane* [*Thomas R. Wheeler* and *William M. Fay* of counsel], for the respondents.

SEARS, J.   Bernard Krauza, at the time of his death, was a member of the defendant, a fraternal benefit society.   Upon joining the society he received a certificate by the terms of which, in consideration of an annual payment, the defendant promised upon the death of Bernard Krauza to pay the sum of $1,000 to the plaintiffs, his parents.   Bernard Krauza died eighteen months after the certificate was issued.   The cause of his death was acute pneumonic phthisis, popularly called galloping consumption.   The remote cause was pulmonary tuberculosis.   The plaintiffs in this action seek to recover the sum which the defendant undertook to pay to them under the terms of the benefit certificate.   The certificate contained the following clause: " this certificate is incontestable after the expiration of two years from the date thereof, except in cases of fraud or misstatement as to a material fact."   This action was begun more than two years after the date of the issuance of the certificate.   The certificate was, therefore, incontestable, except as to fraud or misstatement as to a material fact.   (*Mutual Life Ins. Co.* v. *Hurni Packing Co.,* 263 U. S. 167; *Piasecki* v. *Metropolitan Life Ins. Co.,* 243 N. Y. 637.)   The defense is based upon a claim that Bernard Krauza in his application for the certificate made misrepresentation as to a material fact.   The applicant then answered certain questions as follows:   " Q. When did you last consult a physician and for what?   A. Never.   Q. Give name and address of the physician who attended you?   A. None."   To establish the falsity of these answers, the defendant called two physicians as witnesses, one of whom testified that a man who gave the name of Bernard Krauza and the address where Bernard Krauza resided, called on him professionally twice in the month previous to the date on which the membership certificate was

applied for; that the witness took a sample of the sputum and advised and treated such caller.   The other physician testified that he rendered medical attention to employees in a certain mercantile and manufacturing establishment where deceased was employed, and that a man whose name he understood to be Frank Krauza (by which name Bernard Krauza was also known) and who was also employed by this same mercantile and manufacturing establishment, and whose address was the same as the applicant's, came to him professionally fourteen months before the membership certificate was applied for, and this witness removed a sliver from his left thigh at that time; and that again within two months previous to the application for the membership certificate the same man came to him professionally, told him of some complaint and received from him some medicine.   There is evidence that the acute condition which caused the member's death did not exist more than three months before his death.   No proof is given as to the date of the onset of pulmonary tuberculosis, but the defendant's examiner at the time the application was made found no evidence of tuberculosis.

The applicant's consultation with a physician would be material as matter of law only if the consultation were for a physical condition which left some permanent weakness or indicated a predisposition to serious malady.   If the consultation were for a temporary functional disorder, without permanent effect, it might not be a material fact, and might not reasonably be thought by an applicant to whom such a question was put, as was answered by the applicant here, to have been within the intent of the question. (*Valentini* v. *Metropolitan Life Ins. Co.*, 106 App. Div. 487; *Cushman* v. *U. S. Life Ins. Co.*, 70 N. Y. 72; *Genung* v. *Metropolitan Life Ins. Co.*, 60 App. Div. 424; *Eastern District Piece Dye Works* v. *Travelers Insurance Co.*, 234 N. Y. 441.)   If the consultation was in respect to a condition other than mentioned, a misstatement denying such consultation would be material and constitute a sufficient defense to an action upon the certificate.   (*Saad* v. *N. Y. Life Ins. Co.*, 201 App. Div. 544; affd., 235 N. Y. 550; *Gretsinger* v. *Metropolitan Life Ins. Co.*, 206 App. Div. 766.)   In *Garrett* v. *Supreme Tribe of Ben Hur* (219 App. Div. 413; affd., 245 N. Y. 644), which is relied upon by the appellant, we were dealing with a warranty, while here the statement because of the clause quoted above was a representation, and materiality was a matter to be proved by the defendant with the other elements of the defense.   There is nothing in the record to indicate what the illness or abnormality was for which Bernard Krauza consulted the two physicians who were called as witnesses, in the two months previous to making the application.   We cannot say, therefore, that the defendant estab-

lished its defense of misrepresentation as to a material fact as matter of law.

The judgment and order should, therefore, be affirmed, with costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment and order affirmed, with costs.