FREDERICK H. SCHRADER, Plaintiff, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Defendant.

City Court of New York, Bronx County, May 15, 1930.

*Norman Siegel,* for the plaintiff.

*Frederick C. Tanner* [*Thomas McCall* of counsel], for the defendant.

EVANS, J. Insured died January 29, 1930. In an application for reinstatement of the policy, which had lapsed, made on December 6, 1929, deceased stated that she was "in good health, and that during the time, including the grace period since the premium now in default became due, I have had no injury, ailment, illness or

disease, nor symptoms of such, neither have I consulted a physician except as noted below." No exceptions were noted. The fact is that, in November, 1929, after the lapse of the policy, and before the application for reinstatement was signed, decedent suffered a miscarriage, and was attended by a physician on the twelfth, thirteenth, fourteenth and fifteenth days of that month. She later died from a complication, following the miscarriage. The question is whether that was a material misrepresentation, sufficient to void the policy. I do not think that the miscarriage can be called an injury, ailment or disease, nor a symptom of such. The record does not sufficiently disclose as to whether there was illness or ill health accompanying the miscarriage, so as to warrant the finding of a material misrepresentation, amounting to a fraud, in that respect. But as to whether decedent consulted a physician, the record plainly indicates that she did. Decedent's answer, in that respect, was false. It was a material misrepresentation. An applicant misleads an insurer, if she falsely states that she did not consult a physician. If a true answer had been made, the insurer could undoubtedly have made further inquiry into the reason for the attendance of a physician, and might have better ascertained whether decedent was a good or bad risk for reinstatement of her policy. I think the authorities sustain this view. (*Travelers Insurance Co.* v. *Pomerantz*, 246 N. Y. 63; *Cirrincioni* v. *Metropolitan Life Insurance Co.*, 223 App. Div. 461; *Rudolph* v. *John Hancock Mutual Life Ins. Co.*, 251 N. Y. 208.) A verdict is, therefore, directed for defendant. Ten days' stay; thirty days to make a case.