FREDERICK H. SCHRADER, Respondent, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Appellant.

First Department, June 24, 1931.

*Thomas McCall* of counsel [*Leonard M. Gardner* with him on the brief; *Frederick C. Tanner*, attorney], for the appellant.

*Silas Alacchi*, for the respondent.

O'MALLEY, J. The plaintiff sues as beneficiary under a policy of life insurance issued by the defendant to plaintiff's wife on April 15, 1929. By reason of the insured's failure to pay premium,

the policy lapsed in October of the same year and on December sixth following, the insured made application for reinstatement.

The defense to the action is predicated upon the claim that material misrepresentations and false statements made in the application for reinstatement voided the policy. In the application for reinstatement the insured, Mary Schrader, stated: " I hereby certify that I am now in good health and that during the time, including the grace period, since the premium now in default became due, *I have had no injury, ailment, illness or disease, nor symptoms of such, neither have I consulted a physician, except as noted below.*" No exceptions were noted.

In respect to the insured not having consulted a physician, the statement was false. On November 11, 1929, immediately preceding the application for reinstatement, the insured had suffered a miscarriage. On such occasion, Dr. Schmoor was called and attended the insured daily from November eleventh to fifteenth, inclusive. He testified that on November eleventh the insured expelled a fully formed five months old fetus. While he further testified that the insured had fully recovered on November fifteenth and was in good health and that up to that time she had suffered from no injury, illness, disease or symptom of such, it appears that he was again called to attend the insured on December 14, 1929, at which time blood poisoning had " set in." It is conceded that the cause of death, which occurred on January 29, 1930, was due to " puerperal sepsis," an infection of the pelvis surrounding the womb, which infection was the direct result of the miscarriage.

At the close of the trial both counsel seemed to acquiesce in the view that there was no question of fact for the jury and consented that the issue be determined as one of law. The learned trial justice ruled that while the miscarriage itself was neither an injury, ailment, disease or symptom of such, within the terms of the policy, the statement that the insured had not consulted a physician was false and a material misrepresentation which voided the policy. (137 Misc. 280.) The Appellate Term, by a divided court, reversed the judgment and ordered a new trial, holding in substance that the materiality of the misrepresentation was a question of fact.

In our view the authorities fully sustain the decision of the trial court. We have very recently held that a material false statement in an application for reinstatement will as effectually void a policy of insurance as a similar statement in the original application itself. (*New York Life Ins. Co.* v. *Rosen,* 227 App. Div. 79; affd., 255 N. Y. 567.) So, too, in our decision in *Saad* v. *New York Life Ins. Co.* (201 App. Div. 544; affd., 235 N. Y. 550) it was squarely held that a false statement by an

insured that he had not consulted a physician was material and sufficient to render the policy void. It was said (p. 546): "The information which the defendant sought from the signed application was whether any physician had been consulted. The answer to this question was that none had been consulted. Whether or not the consultation was in reference to a material matter was for the defendant to judge and not for the insured or his physician to pass upon."

In *Travelers Ins. Co.* v. *Pomerantz* (246 N. Y. 63) the insured falsely represented that he had not " received medical or surgical attention " within the five years immediately preceding the application. In holding such misrepresentation material, the court stated (p. 68): " The insurer has the right to an opportunity to know whether the attention was for an ailment inconsiderable or serious. Although no disease may have developed, symptoms which had required medical attention might indicate conditions from which disease might be generated. Depending upon the nature of the attention, whether trivial or substantial, an applicant might prove to be a poor risk or a sound one. The insurer indicated by statement 12 that it wanted to know the facts and that it intended and expected the applicant to speak the truth so that it might acquire information concerning them. Any misrepresentation which defeats or seriously interferes with the exercise of such a right cannot truly be said to be an immaterial one."

So, too, in *Grubiak* v. *John Hancock Mutual Life Ins. Co.* (212 App. Div. 126) a false representation that the insured had " never received or applied for treatment at or in any hospital, dispensary, sanitarium, cure or other institution," was deemed material to the risk.

It is respondent's contention that the defense interposed may not prevail in the absence of proof that the misrepresentation concealed a material ailment, disease or injury. This is merely to assert that it is not the consultation, but the reason for it, that is to be deemed material to the insurer's risk.

We cannot agree with this interpretation of the authorities cited or of others relied upon by the respondent. But assuming, without conceding, such to be the rule, we are still of opinion that the respondent is in no better position. It is common knowledge that miscarriage frequently results in serious complications. In our view an insurer is entitled to be informed as to whether an applicant for insurance has consulted a physician with respect to a trouble of so serious a character, and more particularly where, as here, the evidence shows that the miscarriage, con-

sultation with respect to which was concealed, resulted in death so soon following the reinstatement of the policy.

It follows that the judgment and determination of the Appellate Term should be reversed, with costs, and the judgment of the City Court affirmed, with costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Determination reversed, with costs and disbursements, and judgment of the City Court affirmed, with costs.