NEW YORK LIFE INSURANCE COMPANY, Appellant, *v.* CORNELIA D. BREEN, Respondent.

Fourth Department, November 9, 1934.

*Dudley, Stowe & Sawyer* [*Mason O. Damon, Louis H. Cooke* and *Franklin D. L. Stowe* of counsel], for the appellant.

*John J. Sullivan* [*Albert M. Kraus* of counsel], for the respondent.

LEWIS, J. Plaintiff's action is in equity to rescind three insurance policies written upon the life of William J. Breen, now deceased.

The grounds for rescission are alleged false representations made by the insured in his application for insurance. The defendant, who is the widow of the insured, by her answer denies the alleged misrepresentations. She has been awarded a judgment upon her counterclaim for the full amount of each policy.

All of the policies in question were issued upon the same application which was signed by the insured October 29, 1931, and contained the following declaration: " On behalf of myself and of every person who shall have or claim any interest in any insurance made hereunder, I declare that I have carefully read each and all of the above answers, that they are each written as made by me, and that each of them is full, complete and true, and agree that the Company believing them to be true shall rely and act upon them."

The questions by the plaintiff and the answers by the insured which particularly concern us upon this appeal are:

" 7D. Have you ever been found to have a high blood pressure? No   *   *   *.

" 8. Have you ever consulted a physician or practitioner for or suffered from any ailment or disease of . *   *   *   B. The Heart, Blood Vessels or Lungs?   No   *   *   *.

" 10. Have you ever consulted a physician or practitioner for any ailment or disease not included in your above answers? No   *   *   *.

" 11. What physicians or practitioners, if any, not named above, have you consulted or been examined or treated by within the past five years?   Name and address (If none, say none).   None."

Upon the information acquired from the insured's application the three policies in question were issued by the plaintiff on November 5 and November 10, 1931. On June 21, 1932, plaintiff gave written notice to the insured and the defendant of its election to rescind all three policies and thereupon it tendered the return of premiums received by it, with interest. The reasons stated by plaintiff for its election to rescind the policies were a failure by the insured to disclose in his application that sometime prior thereto he had suffered from various ailments on account of which he had consulted and been treated by two physicians whose names were given.

The insured died July 25, 1932, before this action for rescission was commenced. When the defendant requested plaintiff to furnish forms upon which she might make proofs of death, her request was refused upon the ground that the policies had been rescinded. Thereupon defendant voluntarily filed with the plaintiff proofs of death which we hold were properly received in evidence under the rule announced in *Rudolph* v: *John Hancock Mut. Life Ins. Co.*

(251 N. Y. 208). These proofs of death included the following statement by Dr. DeCeu, a physician: " Give particulars of each condition for which you treated or advised deceased prior to last illness with date, duration and result:

" Nature of Condition: Acute Hypertension.

" Date: October 13–31.

" Duration: about a week.

" Result: Improvement.

" How long you have known deceased?   About 10 years.

" Date of death: July 25, 1932   *   *   *

" What were the contributory causes of death?   Give, as nearly as you can by dates, the duration of each.

|  *Disease or Impairment* |  *Duration*  |
|---|---|
| " Arterio sclerosis-Hypertension.............. | 10 months |
| " Ac Frontal Sinusitis...................... | Dec. 31, Jany. 32 |

*   *   *

" When were you first consulted by deceased, or by any relative or friend, for the condition which either directly or indirectly caused death?   Date: October 13, '31.   By whom: Wife of deceased."

The learned trial justice at Equity Term, upon requests by the plaintiff, has found that, in his application, the insured falsely represented he had not consulted or been treated by any physician or practitioner within the past five years, except Dr. M. A. Sullivan for a fracture of the right tibia.   In that connection the trial court has also found that prior to the date of the application for insurance the insured had consulted a physician other than Dr. M. A. Sullivan within a period of five years; that on or prior to October 29, 1931, he was suffering from an ailment or disease known as arterio sclerosis-hypertension which was a contributing cause of his death; and that he had consulted and been treated by Dr. DeCeu on October 13, 1931, for acute hypertension.   However, the decision itself contains both a finding of fact and a conclusion of law that the said statements made by the insured in his application " were not material misrepresentations sufficient to void the policies."   To this finding and conclusion the plaintiff has duly excepted, thereby preserving its right to challenge the same upon this appeal.

Since the enactment of section 58 of the Insurance Law, the application for insurance is required to be attached to the policy and is made a part of the insurance contract.   (*Archer* v. *Equitable Life Assurance Society*, 218 N. Y. 18.)   A statement by the insured, though incorporated into the policy, will be interpreted as a representation rather than a warranty and even though erroneous, will

not vitiate the policy *unless material to the risk.* (*Minsker* v. *John Hancock Mut. Life Ins. Co.*, 254 N. Y. 333, 338.)

The record of facts found in this case leads us to the conclusion that the false representation made by the insured that he had not consulted or been treated by any physician, except for a broken tibia, within the past five years, was material to the risk. The fact is he had been treated by a physician only sixteen days prior to his application for an ailment which disabled him for a week and was a contributing cause of his death nine months later. The clear purpose of the plaintiff's inquiry as to any previous medical treatment was to ascertain whether, as an applicant for insurance, the insured had recently suffered any physical disorder which might not be discovered by the company's medical examiner but would affect the risk which the insurer was asked to assume. The facts in the instant case prove the wisdom and materiality of the inquiry. The plaintiff has been deceived. It has been led into three insurance contracts which might not have become effective if a false answer had not foreclosed further inquiry.

Upon this subject this court has said: "True an applicant for insurance is subjected to a physical examination by a medical examiner of the company, but that would only disclose infirmities and diseases with which he was suffering at the time, and, in some instances, not all of those. The medical history of an applicant, both as to present and past ailments and illnesses, is absolutely essential to enable an insurance company to intelligently pass upon the desirability of a risk. No part of such history is more important or material to the company than that relating to prior treatments by physicians. It is not for the applicant to decide whether the matter concerning which he has consulted a physician was serious or trivial. The insurance company is entitled to determine that question for itself. * * * The misrepresentation regarding medical attention by physicians, which was made by the insured in the instant case, was something which would naturally and reasonably influence the judgment of the defendant in deciding whether it would write this policy or not, or in fixing the premium to be paid, and was material to the risk as a matter of law, and it having been established by the uncontradicted and unimpeached evidence that such statement was false, the policy is void, and there can be no recovery thereon." (*Keck* v. *Metropolitan Life Ins. Co.*, 238 App. Div. 538, 540; affd., 264 N. Y. 422.)

Likewise in *Travelers Ins. Co.* v. *Pomerantz* (246 N. Y. 63) it was said (p. 68): "The insurer has the right to an opportunity to know whether the attention was for an ailment inconsiderable or serious. Although no disease may have developed, symptoms

which had required medical attention might indicate conditions from which disease might be generated. * * * How can an insurer discover the nature of an applicant's previous illness, subject perhaps to recurrence and apt to degenerate into a disease yet bearing no trace at the time of his physical examination for the policy, if he falsely states that he had received no medical attention at all? "

In *Nowak* v. *Brotherhood of American Yeomen* (252 N. Y. 465) the opinion, *per curiam*, states (p. 467): " An insurer may wish to know how recently a physician has made a professional call upon an applicant for insurance, regardless of the topic discussed during the consultation between them. If the call has been recent, the insurer, upon that ground alone, may wish to reject the insurance application. If an insurer desires such knowledge it is entitled to it." (See, also, *Minsker* v. *John Hancock Mut. Life Ins. Co.*, *supra; Jenkins* v. *John Hancock Mut. Life Ins. Co.*, 257 N. Y. 289; *Saad* v. *N. Y. Life Ins. Co.*, 201 App. Div. 544; affd., 235 N. Y. 550; *Schrader* v. *John Hancock Mut. Life Ins. Co.*, 232 App. Div. 644; *Klapholtz* v. *N. Y. Life Ins. Co.*, 218 id. 695.)

The rulings cited above point the way to our determination that the false representation by the insured in his application that he had not consulted or been treated by a physician within five years prior thereto, except on the occasion of a broken tibia was material to the risk to be assumed by the plaintiff and makes voidable the three contracts of insurance which followed.

The judgment from which appeal is taken should be reversed on the law, defendant's counterclaim dismissed and judgment directed in favor of the plaintiff canceling the three policies described in the complaint, with costs to the appellant.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and Lewis, JJ.

Judgment reversed on the law, with costs, and judgment granted for the relief demanded in the complaint and dismissing the defendant's counterclaim, with costs. Certain findings of fact disapproved and reversed and new findings made.