MARY DUKE, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Erie County, July 6, 1937.

630

*William J. Bullion* [*Roland Crangle* of counsel], for the plaintiff.

*Dudley, Stowe & Sawyer* [*Roy P. Ohlin* of counsel], for the defendant.

NORTON, J. Two cross-motions, the one on the part of the plaintiff for an order striking out the answer of the defendant and for summary judgment under rule 113 of the Rules of Civil Practice; the other on the part of the defendant for summary judgment dismissing the complaint.

This action was brought to recover on a policy of life insurance issued by the defendant upon the life of Clifford E. Duke in the sum of $1,000. The policy was issued January 1, 1933. The insured failed to pay the premium due May 1, 1933, and the policy

thereupon lapsed. The policy was conditionally reinstated during the month of July, 1933. In the application for reinstatement the insured stated that he was in sound health and that since the date of the issuance of the policy he had consulted no doctor. The application for reinstatement signed by the insured and witnessed by the plaintiff, his mother, the beneficiary named in the policy, contained the following provision: "Application is hereby made for the reinstatement of the above stated policy which lapsed * * *. I hereby certify that the foregoing statements and answers are correct and wholly true and have been made by me to induce the Metropolitan Life Insurance Company to reinstate the policy, and I agree that if said Company shall grant such reinstatement, the same shall be deemed to be based exclusively upon the representations contained in this request and upon the express condition that if the foregoing statements be in any respect untrue said Company shall, for a period of one year from the date of such reinstatement, if an Industrial Monthly Premium policy, or two years if an ordinary Monthly Premium policy, [the policy in question being an ordinary monthly premium policy] be under no liability by reason of the attempted reinstatement of the policy, except that the Company shall return to the insured or his personal representative all premiums paid since the date of said reinstatement."

The insured died November 7, 1934, of pulmonary tuberculosis. The defendant declining to pay the policy, plaintiff commenced this action by serving the summons and complaint July 23, 1935. The defendant served its answer August 2, 1935. The defendant bases its claim of non-liability on the alleged misrepresentations of the insured in the application for reinstatement, that insured was then " in sound health," that he had not since the date of the policy " had any illness " nor " consulted any physician or physicians;" while defendant claims the facts were that insured had had and been under a physician's treatment for pulmonary tuberculosis from April, 1932, and had that disease at the time he made such application for reinstatement, and that his death was subsequently caused by such disease on November 7, 1934.

The defendant contends that, as the death of the insured occurred within two years of the date of such reinstatement of the policy, under the express condition of the reinstatement agreement such representations on the part of the insured being untrue, the defendant was not liable on the policy at the time of the death of the insured, and, therefore, never became liable thereon and that the policy was not in fact reinstated, and that the so-called " incontestable " provision of the policy has no effect or bearing

upon the rights of the parties under the policy as limited by the condition of the contract of reinstatement.

The plaintiff contends, without admitting the truth of the alleged misrepresentations, that more than two years had elapsed after the contract of reinstatement was made, viz., July, 1933, before defendant's answer was served, viz., August 2, 1935, and that, therefore, under the provisions of the policy, it became incontestable and that the defense was barred. "A material false statement in an application for reinstatement will as effectually void a policy of insurance as a similar statement in the original application itself" is the law as stated by the court in *Schrader* v. *John Hancock Mutual Life Ins. Co.* (232 App. Div. 644, 645). The decision in *New York Life Ins. Co.* v. *Rosen* (227 App. Div. 79; affd., 255 N. Y. 567) is to the same effect.

The facts that defendant required insured to give in the application for reinstatement, and which it now claims were by insured misrepresented therein, viz., whether insured was "now in sound health," and whether insured since the date of the issue of the policy had "had any illness" and whether insured since the date of the issue of the policy had "consulted any physician" were material to the risk, and false statements in regard thereto render ineffective the reinstatement and preclude the revival of the policy. (*Saad* v. *New York Life Ins. Co.*, 201 App. Div. 544; affd., 235 N. Y. 550; *Travelers Ins. Co.* v. *Pomerantz*, 246 id. 63.)

Assuming for the purposes of plaintiff's motion that those facts are as claimed by defendant, I am of the opinion that the case of *Axelroad* v. *Metropolitan Life Ins. Co.* (267 N. Y. 437) is decisive of the issue involved on plaintiff's motion. In the *Axelroad* case the action was upon a policy that had been reinstated after it had lapsed. Such reinstatement was based upon a provision in the application therefor, identical in phraseology with the provision in question herein, and certain material statements made by the insured in the application were untrue. In the *Axelroad* case, as in this case, the insured died in less than two years after the policy was reinstated. The only distinction between the facts of the *Axelroad* case and the instant case is that the defendant in the *Axelroad* case did, within less than two years after the reinstatement of the policy there in suit, interpose the defense of non-liability under the provisions of the reinstatement contract; while in this case, although the insured died in less than two years from the reinstatement, such non-liability was not interposed as a defense until after the expiration of two years from the date of reinstatement of the policy.

The court in the *Axelroad* case (p. 442), after quoting verbatim said provision of the application that is common both to that and the instant case, uses language that applies to one case equally as it does to the other, as follows: " Concededly unless the lapsed policy was reinstated by the agreement of the insured and the insurance company, there can be no recovery in this action.  Concededly the agreement of reinstatement was made when the insurance company acted upon and accepted the application for reinstatement.  Concededly that application over the unquestioned signature of the insured contains an agreement that any purported reinstatement is made upon the express condition that for two years it shall create no liability upon the insurance company ' if the foregoing statements be in any respect untrue.'  Concededly the statements in the application are untrue in very material respects.  If we apply to contracts of life insurance the same rules applied to other contracts, then it seems evident that the plaintiff cannot recover here."

And on page 448 of the opinion the court quotes with approval from *Drilling* v. *New York Life Ins. Co.* (234 N. Y. 234, 241) the following, applying it to a contract of reinstatement, viz.: " A contract for insurance is no different than any other contract. The insurance company is entitled to have its contract enforced by the courts as written."

Plaintiff's denial that insured was ever ill or consulted a physician prior to June 28, 1933, the day he signed the reinstatement application, and her denial that she procured and filed with defendant, as part of the proofs of death, the statement of Dr. Norment, which statement, if true, establishes the falsity of the above-mentioned material statements of insured in the application for reinstatement, show that there is an issue for trial upon defendant's allegations that such statements in the application for reinstatement are false; and, therefore, defendant's motion should be denied.

Neither should plaintiff's motion prevail, unless her contention is sound that the two-year period of non-liability which commenced to run at the time of reinstatement, viz., in July, 1933, continued to run, notwithstanding the falsity of such material statements and the death of insured November 7, 1934, and continued to run until such non-liability was asserted by defendant, either in an action to cancel the policy or by way of defense in an action brought against defendant to recover on the policy.  Such defense was not interposed until August 2, 1935, and after the expiration of two years from the reinstatement.

Plaintiff contends that the provisions of the policy as to incontestability, which read: " 3. Incontestability.  This policy shall be

incontestable after it has been in force for a period of two years from its date of issue, except for non-payment of premiums," apply to the contract of reinstatement.

It is too well settled by the decisions of the courts of this State to require the citation of authorities, that the period of contestability of a policy containing the foregoing provision commences at the date of the issuance of the policy, and continues to run until the insurer initiates a contest of the policy in court, either by way of an action to cancel or a defense to an action brought on the policy; and although the insured may have died during that period the insurer may not contest the policy unless it interposes such contest by action or defense within such two-year period.

The reinstatement contract is a new contract. In this instance it was made a few months after the policy was issued. In the *Axelroad* case the reinstatement contract was made several years after the issuance of the policy. In this case no more than in the *Axelroad* case can the literal wording of the incontestable clause be applied, and plaintiff does not so claim, but she does claim that the two years' non-liability of the reinstatement contract must be construed and applied the same as though it read, in substance, as the incontestable clause in the policy reads. The contract reads, " if the foregoing statements be in any respect untrue said Company shall for a period of  * * * two years from the date of such reinstatement  * * * be under no liability by reason of the *attempted* reinstatement of the policy." The meaning of those words is, it seems to me, that no liability attaches to the company in event the statements are untrue, until after two years have expired from the " attempted " or conditional reinstatement. If the insured is then alive and the premiums have been paid, the policy would then become a valid incontestable obligation against the company, notwithstanding such untrue statements. But in this case the insured died about nine months before the expiration of the two years, and, therefore, the defendant never became liable thereon, as the " attempted reinstatement " did not result in an actual reinstatement under the circumstances of this case.

The insured in the application for reinstatement in terms agreed that if his statements therein " be untrue the company  * * * shall be under no liability by reason of the attempted reinstatement of the policy." Non-liability does not depend upon assertion thereof in an action in court within the two-year term fixed in the contract of reinstatement. If when the insured died the company was not liable on the policy under the contract of reinstatement it did not become liable nine months later solely because of its failure to assert in court, by action or answer, its non-liability

during the time between the death of the insured and the end of the non-liability period. " Incontestable " and " under no liability " do not mean the same; they are not interchangeable. The one means cannot be contested, the other means without obligation.

The provision of the reinstatement contract postpones, under the circumstances which prevail in this case, the going into effect of the policy under the contract for reinstatement for two years after the conditional reinstatement. Before the time for the policy to go into effect the insured died. Therefore, it follows that the policy never became effective under the conditional reinstatement, and the incontestable provision of the policy never affected the reinstatement contract. In other words, the attempt to reinstate the policy failed, because of untrue material statements in the application therefor, and the death of insured before the expiration of the two-year period of non-liability.

Under the circumstances the attempt to reinstate the policy was abortive and the policy never was revived. The plaintiff's motion for summary judgment should be denied.

Both motions are denied, without costs to either party.