ROSEMARY KEAR, an Infant, by JOHN E. KEAR, Her Guardian ad Litem, et al., Plaintiffs, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

Supreme Court, Special Term, New York County, August 26, 1955.

*R. E. Burdick* for plaintiffs.

*Harry N. Schechter* for defendant.

MATTHEW M. LEVY, J. The plaintiffs and the defendant submit this joint application for judgment, pursuant to section 476 of the Civil Practice Act and to rule 112 of the Rules of Civil Practice upon the pleadings, admissions and stipulated facts and exhibits.

The action is upon a policy of life insurance issued January 16, 1942, by the defendant to the assured. In addition to providing that, in the event of default (on the due date and after the grace period) in payment of premium, '' the insurance under this policy shall cease '', the contract contained the following clause: '' Reinstatement. — * * * This policy may be reinstated, however, at any time within three years from such default upon written application to the Home Office and production of evidence of the insurability of the Insured satisfactory to the Company and payment to the Company of all premiums in arrears with compound interest '' etc.

The policy was lapsed for nonpayment of premium due October 16, 1950. More than fourteen days after the expiration of the grace period an application for reinstatement was made by the

assured, and it was approved by the defendant on January 24, 1951, and the policy then reinstated. Again, there was failure to pay the premium due April 16, 1951. Less than fourteen days after the expiration of the grace period, application for reinstatement was made, and it was approved on June 1, 1951, and the policy then reinstated. The insured died July 15, 1951.

There is no claim by the defendant of fraud or intent to deceive, but material misrepresentations as to his health were made by the assured upon the first application for reinstatement. The defendant had no knowledge of the misrepresentations until after death. No claim of misrepresentations is made as to the second reinstatement application. Each application for reinstatement contained an agreement to the effect that it is a condition of the reinstatement that, in the event the representations are not truthful in whole or in part and are material, the company will be under no liability for a period of two years from the date of the official reinstatement.

The legal question tendered and argued in the briefs is whether the misrepresentations in the first application for reinstatement and the right of the defendant to disclaim liability by reason thereof survived the second lapse of the policy and its subsequent reinstatement, as the defendant contends; or whether the second reinstatement is a new and separate contract of restoration of the original policy-contract which alone controls, as the plaintiffs contend.

The arguments of the parties are in accord as to the law applicable to the first reinstatement. A lapsed policy is of no force as a whole, subject, however, to the right to apply for reinstatement; reinstatement constitutes a new and independent contract which, upon the basis of the application and approval only and subject to the provisions contained in the application, restores the original contract of insurance; in the absence of any material misrepresentations, the approved application reinstates the lapsed policy, together with all of its terms and conditions, so that the contract of reinstatement consists of the policy, the reinstatement application and the approval; and, had there been no second reinstatement following a second lapse, the present action would not be maintainable. The parties have presented no precedent involving a second good reinstatment following a first bad one and I have been unable to find any. Counsel agree, as I have said, as to the law applicable to the first reinstatement. In my view, the same law applies to the second.

It is quite clear that had the second reinstatement not been made, the first would have been useless to the plaintiff; and it is

equally clear that had the first lapse not occurred and the second reinstatement been the only renewal, in exactly the form in which it was made, there would be no defense. The fact that there was an earlier lapse and reinstatement does not, in the circumstances present here, change the legal picture. To paraphrase a popular tuneful lyric of a generation or so ago, "Every separate reinstatement has a meaning (and effect) of its own." The subsequent, as well as the first, reinstatement was a new contract (*McCormack* v. *Security Mut. Life Ins. Co.*, 220 N. Y. 447, 458; *Duke* v. *Metropolitan Life Ins. Co.*, 163 Misc. 629, affd. 255 App. Div. 923), and this "new agreement   *   *   *   [was] a contract for the continuation in force of a former policy" (*New York Life Ins. Co.* v. *Rosen*, 227 App. Div. 79, 80, affd. 255 N. Y. 567) — not of the former reinstatement of that policy. The reinstatement application (relied upon by the defendant) did not become a part of the original policy contract. "They [reinstatement applications] affect only the collateral contract by which the life of the policy was renewed" (*Axelroad* v. *Metropolitan Life Ins. Co.*, 267 N. Y. 437, 445).

Each separate application for each independent reinstatement explicitly provides that " [i]f the said company shall grant such reinstatement, the same shall be deemed to be based upon the statements of the applicant for reinstatement contained in *this* application." (Italics mine.) The reinstatement application also specifically provided that the policy was not in force unless and until the application is approved. Before this approval, therefore, there was no policy in effect, just as there was none in force before approval of the first application. The separateness of the two reinstatement contracts is clear further from the fact that the consensual period of nonliability based upon any material misrepresentations in the second reinstatement application began with the date of official approval thereof. It is, consequently, only the application which is part of the second approved reinstatement contract which controls. And the second application here is entirely innocent of any representations that are false and material to the risk.

While seemingly conceding in its argument that each reinstatement is a separate and independent contract, the defendant urges that the new current contract consists of the original policy and the applications on both the first and second reinstatements. The contention is unsound. I am of the view that a reinstatement contract consists only of the papers which are physically a part thereof and the insurance policy. Here, the application on the first reinstatement was not made a part, physically, of

the second reinstatement contract; and, assuming that the first application might, with legal effectiveness, have been incorporated by reference, that was not done here. Absent this factor, matters not contained in the agreements or statements made and signed by the insured to effectuate a specific reinstatement do not form a part of it.

The defendant contends that, by reason of the material misrepresentations contained in the first application, it acquired defenses which were not waived, nor could their assertion be estopped, by reason of the second reinstatement, even though the application therefor was concededly unobjectionable. One difficulty with the argument is that the issue is not present. Waiver and estoppel, of which the defendant speaks, are matters, initially at least, of unilateral action. The plaintiffs do not claim any waiver or estoppel and no unilateral action is relied on. The transaction that is relied on, and which defendant cannot escape, is a bilateral act — the making of the second reinstatement contract, which alone restored and gave life to the original lapsed contract. And the plaintiffs in this action sue upon the only contract between the parties — which contract consists only of the basic application for reinstatement and the approval thereof, and the original contract thus renewed — and these are the original policy and the second reinstatement documents. I do not hold, as suggested, that the second reinstatement " cured " the material misrepresentations on the first application. I am of the view, simply, that they no longer existed in law when the contract of insurance was no longer in force. That the second reinstatement did not revive the first application is made further evident by the fact that the period of nonliability or incontestability provided for in the original policy commenced with the date of approval of the second application.

The defendant endeavors to raise some argument as to its practice with respect to the forms used by it in effectuating reinstatement upon application, depending on the time that elapsed after the expiration of the grace period without payment of premium — that is, whether the application was made subsequent or prior to fourteen days after lapsation. The first application form was rather full, and the questions put by the defendant and the answers given by the assured related variously as to the time " since the date of issue of this policy ", " during the past three years ", and " ever had "; while the short-form used on the second occasion referred only to " since the due date of the premium " in default. However, it was the defendant's choice — and its choice alone — to use the form it wished. If, in

the subsequent reinstatement of the original contract, the defendant wished to acquire again any defenses which may emerge from the telling of the full story in the first application, it should have had the prescience to have required the assured to incorporate the first application therein, or to fill in a new application that would elicit all the facts and to have attached that application to the second reinstatement. The elimination of the first reinstatement contract (and the elimination of the defenses which had been acquired by virtue of the assured's misrepresentations in the first application) continued when, by error of judgment or otherwise, the defendant failed to make appropriate inquiry and invited a subsequent reinstatement upon an application which concededly is unobjectionable. If, perchance, its choice in retrospect was a careless one with an unhappy result to the defendant, that affords no ground for changing the contract. Whatever the defendant's practice or purpose may be, it cannot affect the plaintiffs.

The defendant has no defense to the only existing contract between the parties, and judgment is awarded to the plaintiffs. This conclusion does not, as the defendant argues, condone misrepresentations or place a premium on continued misrepresentation. The defendant had a clear and full opportunity to avoid the present outcome. It is not the law, but the defendant's own procedures, which produced this consequence, for the defendant voluntarily engaged in a contract which failed to afford appropriate protection, and it is by the contract alone that its liability must be measured.

Settle order accordingly.