123 N.W.2d 327 (1963)
John P. BUSHFIELD, as Executor of the Estate of Dollie L. Bushfield, deceased, Plaintiff and Respondent,
v.
WORLD MUTUAL HEALTH AND ACCIDENT INSURANCE COMPANY OF PENNSYLVANIA, a corporation, Defendant and Appellant.
No. 10031.
Supreme Court of South Dakota.
September 19, 1963.
Martens, Goldsmith, May & Porter, Pierre, for defendant and appellant.
John P. Bushfield, Miller, Royhl, Benson & Beach, Huron, for plaintiff and respondent.
ROBERTS, Judge.
This is an appeal from a judgment for the plaintiff in an action against the World Mutual Health and Accident Insurance Company of Pennsylvania.
Defendant insurance company issued to Dollie L. Bushfield on January 28, 1961, a "hospital indemnity" policy. Under its terms the insurer agreed to pay $100 per week when injury or sickness during the term of the policy necessitated confinement *328 of insured as a resident patient in a hospital at the direction and under the care of a physician for the time that the insured is so confined.
This action was commenced on November 29, 1961, alleging that insured was admitted at the direction of her physician to the Charles T. Miller Hospital, St. Paul, Minnesota, suffering from a swelling on her right thigh which was diagnosed as a malignancy or cancer for which she submitted to surgery for its removal; that confinement of the insured in the Charles T. Miller Hospital and the Hand County Memorial Hospital, Miller, South Dakota, had been continuous from May 13, 1961, to the time of the commencement of this action; and that hospitalization would probably continue for the remainder of her life. Plaintiff was permitted to litigate her claim for weekly indemnity to the time of trial a period of 44 weeks. Plaintiff died after judgment and appeal and this court on application entered its order substituting the executor of her estate as party plaintiff.
The principal issues arise on insurer's contentions that (1) the insurance contract was avoided by claimed misrepresentations and concealment of material facts in the application for insurance; that (2) if the policy took effect recovery could not exceed the first year term; and that (3) there were procedural errors including admission of evidence and rejection of proposed instructions.
There was attached to the policy an application dated January 23, 1961, which had been filled out, signed and mailed by insured to DeMoss Associates, Inc., Valley Forge, Pennsylvania, a soliciting agent for the defendant. Insured stated therein that she was born August 31, 1883. She answered "No" to the questions "Have you or any member above listed been disabled by either accident or illness or have you or they had medical advice or treatment or have you or they been advised to have a surgical operation in the last five years?" There was no insertion after the words: "If so, give details stating cause, date, name and address of attending physician and whether fully recovered ____". At the bottom of the application above insured's signature appears the following: "I hereby certify that neither I nor any member above listed uses alcoholic beverages and I hereby apply to the World Mutual Health and Accident Ins. Co. of Penna. for a policy based on the understanding that the policy applied for does not cover conditions originating prior to the date of insurance, and that the policy is issued solely and entirely in reliance upon the written answers to the foregoing questions."
The policy contains the recitals that the application for the insurance is a part of the contract and that the policy was issued in consideration of the answers contained in the application and the payment in advance of the first premium.
It is undisputed that insured consulted with physicians in the five-year period prior to making the application for insurance. Defendant contends that by failing to reveal consultations and treatments by doctors applicant deprived defendant of the opportunity of making inquiries for the purpose of determining for itself as to whether it would accept or reject the risk. Respondent insists that the medical advice or treatment contemplated by the general questions in the application have reference to medical advice or treatment of such substantial importance as would affect the contract of insurance and not to include consultation for minor or temporary ailments; that the issues herein including the materiality of the failure to mention medical advice or treatments during the five-year period were questions of fact; and that there is sufficient evidence to sustain the findings of the jury.
Insured admitted that a week prior to making application for insurance she sustained injuries when she fell from a chair and was attended because of such injuries by a physician on three separate occasions. The more serious problem is presented by her failure to reveal the facts concerning *329 other ailments. Insured's witness, Dr. John C. Hagin, testified that during the five years before issuance of the policy insured had arteriosclerosis and high blood pressure and for which he had prescribed medication. Dr. Hagin stated, however, that she was "a little more anxious with hers than the ordinary person might be considering the type of pressure she had" for the reason that two members of her family had suffered from hypertension. The evidence shows that insured had arthritis and had medication periodically according to the testimony of her physician for this condition including the use of the drug hydrocortisone. Insured was hospitalized in May, 1959, for a week with bronchopneumonia. Respondent refers to medical testimony that from this illness there was rapid and complete recovery. There was also testimony that insured had consulted Dr. Hagin for other ailments of a less serious nature.
An officer of defendant company testified in effect that according to standard custom and practices of health and accident insurance companies answers given by an applicant for insurance constitute a part of the inducement for the issuance of a policy and that where no medical history is shown a policy is forthwith issued and sent to the applicant, but if it appears that applicant has been treated a number of times by physicians inquiries are made of attending physicians and their answers are reviewed in determining whether or not to accept the risk.
It is the materiality of the representations made in the application for insurance that is here involved. An insurer is entitled to rely on the truthfulness of answers given in an application. Materiality is usually considered to be shown if the misrepresentation is of such a matter as would reasonably influence the decision of the insurer in accepting or rejecting the risk. SDC 31.0508; Life Benefit, Inc. v. Elfring, 69 S.D. 85, 7 N.W.2d 133; Ivory v. Reserve Life Insurance Company, 78 S.D. 296, 101 N.W.2d 517 and cases cited. It follows, of course, that failure to mention a minor or temporary ailment is not material to the risk and will not avoid the policy. However, the question of materiality does not depend upon what applicant may have deemed to be of no consequence. See annotation in 131 A.L.R. 617. SDC 31.1705 as amended by Chapter 187, Laws 1953, provides that the falsity of any statement in an application for a policy of health or accident insurance "may not bar the right to recovery thereunder unless such false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer." This statute originally provided that answers in an application would not bar recovery unless proved to be made "with actual intent to deceive" or unless material as presently provided. It hardly need be noted that the language of this section before the 1953 amendment was substantially the same as that of a District of Columbia statute recently considered in Briggs v. United Services Life Insurance Company, S.D., 117 N.W.2d 804. It is clear that a false representation as to a material matter renders a policy voidable without showing that the misrepresentation was made with intent to deceive or that the misrepresentation had a causal connection with the disability claimed under the policy.
The failure of insured to reveal the numerous treatments by doctors not named in the application may well have influenced the acceptance of the risk. If she had revealed the true facts, inquiries could have been made of attending physicians in order to determine whether to accept the risk. Reasonable minds could not conclude that all the treatments were for minor or temporary ailments and that the misrepresentations were therefore immaterial. Cf. Jerke v. Delmont State Bank, 54 S.D. 446, 223 N.W. 585, 72 A.L.R. 7. Under the circumstances, defendant's motion for directed verdict should have been granted. Ivory v. Reserve Life Insurance Company, supra; see also 1 Appleman Insurance Law and Practice §§ 245, 250; Bailey v. Pacific Mut. Life Ins. Co., 336 Pa. 62, 6 A.2d 770; *330 Sambles v. Metropolitan Life Ins. Co., 158 Ohio St. 233, 108 N.E.2d 321; McSweeney v. Prudential Ins. Co. of America, 4 Cir., 128 F.2d 660; Cohen v. Penn Mutual Life Insurance Company, 48 Cal.2d 720, 312 P.2d 241; Robinson v. Occidental Life Insurance Company, 131 Cal.App.2d 581, 281 P.2d 39; Haddad v. New York Life Ins. Co., 6 Cir., 42 F.2d 651; New York Life Ins. Co. v. Breen, 242 App.Div. 453, 275 N.Y.S. 164.
The judgment is therefore reversed and cause remanded with direction that judgment be entered for the amount of the premium paid to defendant.
All the Judges concur.