ELIZABETH LINDER *v.* METROPOLITAN LIFE INS. CO.

(*Knoxville.* September Term, 1923.)

1. **STATUTES.** Not construed to alter common law further than expressly declared or necessarily implied.

A statute will not be construed to alter the common law further than the act expressly declares, or is necessarily implied from the fact that it covers the whole subject-matter. (*Post, pp.* 242-244.)

Acts cited and construed: Acts 1907, ch. 441; 457.

Cases cited and approved: Lillienkamp v. Rippetoe, 133 Tenn., 64; Bennett v. Hutchens, 133 Tenn., 73.

2. **INSURANCE.** Statutory provisions requiring application to be attached to policy held not applicable to reinstatement of lapsed policies.

Neither Acts 1907, chapter 441 (Shannon's Code, section 3275a1), requiring an insurance policy to contain the entire contract, nor Acts 1907, chapter 457, section 1, requiring provision that no statement by insured shall avoid the policy unless contained in the written application, a copy of which shall be indorsed on or attached to the policy, requires application for reinstatement of lapsed policies or copy thereof to be attached. (*Post, p.* 244.)

Case cited and approved: Arnold v. Ins. Co., 131 Tenn., 720.

3. **INSURANCE.** Misrepresentation in application for reinstatement of policy held available as defense although application not attached to policy.

The question of reinstatement of a lapsed life insurance policy being governed by the common law, which does not require the application to be attached to the policy, insurer in an action on a policy alleged to have lapsed was not precluded from relying on misrepresentations in the application for reinstatement, though not attached. (*Post, pp.* 244, 245.)

Linder v. Met. Life Ins. Co.

Case cited and approved: Goodwin v. Provident Savings Life Assur. Soc., 97 Iowa, 226.

FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. VON A. HUFFAKER, Judge.

BEN H. TESTERMAN and R. M. MCCONNELL, for Linder.

TURNER, KENNERLY & CATE, for defendants.

MR. JUSTICE HALL, delivered the opinion of the court.

The parties to this suit will be referred to according to their *status* in the court below; that is, as plaintiff and defendant.

The plaintiff, Elizabeth Linder, sued the defendant, Metropolitan Life Insurance Company, to recover on a policy of life insurance issued by defendant to plaintiff's daughter, Willie Greenlee (at the time of her death Willie Greenlee Jackson).

In the policy of insurance plaintiff was named as beneficiary, and the amount of insurance stipulated in the policy was $500. Plaintiff also sought to recover the statutory penalty of twenty-five per cent., making the total amount sued for $625.

The case was tried before the circuit judge and a jury, and at the close of all the evidence plaintiff moved for a

directed verdict in her behalf, which motion the court overruled.

Defendant then moved for a directed verdict in its behalf, and its motion was sustained, and plaintiff's suit dismissed.

From this judgment plaintiff appealed to the court of civil appeals. That court reversed the judgment of the trial court, and, being of the opinion that plaintiff's motion for a directed verdict should have been sustained, remanded the case to the circuit court, with instructions to that court to sustain said motion to the extent of the amount of insurance sued for, with interest and costs, but not for the penalty sued for, the court being of the opinion that the facts of the case did not warrant a recovery for the penalty.

The case is now before this court on a writ of *certiorari,* sued out by defendant, for review.

The plaintiff's declaration consists of one count, and is in the usual form.

To this declaration defendant filed five pleas; the first being a plea of *non assumpsit.*

The second plea is as follows: "And for further plea the defendant says that the plaintiff ought not to be permitted to maintain her said action against it for the following reasons:

"The insured, Willie Greenlee Jackson, whose name was Willie Greenlee at the time the original policy sued on was issued, but who subsequently became Mrs. Willie Jackson, permitted said original policy to lapse on July 14, 1920, for nonpayment of premiums, and on account of which nonpayment the said policy lapsed and was void,

but was subject to reinstatement at the option of the insured upon application for such reinstatement by the insured, the payment of past-due premiums with interest, but upon production by the insured of evidence of insurability satisfactory to the defendant.

"Accordingly the said insured, on the 21st day of January, 1921, made application to the defendant to have said policy reinstated upon the terms stated in the policy, and in her only written and signed application for the reinstatement thereof, and, for the purpose of inducing the defendant to reinstate the policy, she made the following representation and warranties with reference to the present and past condition of her health:

" 'To induce said company to restore the same it is hereby declared that the former insured under said policy is this day alive and in sound health; . . . that she has not since said policy was issued been sick or afflicted with any disease, or met with any accident, or been physically prevented from attending, or unable to do business, or consulted or been attended by a physician.'

"Said representations and warranties made to induce the defendant to reinstate and restore said policy were false, in that, at the time said application was made, and for some time prior thereto, the said applicant was, and had been, suffering from pulmonary tuberculosis, and had been under treatment of a physician therefor since November, 1919. Said representations and warranties were not only false, but were willfully made with intent to deceive, and did deceive, the defendant, and induce it to reinstate said policy.

"If the truth as to applicant's health, and attendance by a physician, at and prior to the time of said applica-

tion, had been stated in said application, said policy would not have been reinstated.

"Said false statements were a fraud upon the defendant, made with intent to deceive, and the said policy so reinstated is void. The defendant in the month of July, 1921, rescinded said policy for fraud, and tendered to the plaintiff the amount of premium paid at the time of said reinstatement, and now rescinds and pleads the fraud aforesaid, as a defense to plaintiff's action, all of which facts herein pleaded the defendant is ready to verify."

In the third plea it was averred that the statements which the insured made, and which are set out in the second plea, were material to the risk.

The fourth plea is as follows:

"And for further plea the defendant says that the plaintiff ought not to have and maintain her action for the reason that the insured was sick and afflicted of the disease, to-wit, tuberculosis, of which she died on March 31, 1921, at the time she made her application for reinstatement of said policy, and the representations set out in defendant's second plea are material and false; besides said application contained the following stipulations:

"'And it is further agreed that the restoration shall not take effect, nor any liability incur to the company under said policy, until this application is approved by the officers of the company at the home office in the city of New York, nor until all arrears of premium and interest thereon for the period in default have actually been paid to and accepted by the company during the lifetime and good health of the former insured.'

"The defendant avers that the insured was not in good

health at the time the premium covering the forfeited period was accepted by it, and said policy reinstated, and under the terms of the application it incurred no liability by reason of the foregoing facts, and this it is ready to verify."

The fifth plea is a plea of tender.

In the trial court the plaintiff moved to strike the first plea, and demurred to the second plea.

It is not, however, necessary to state the grounds of the motion to strike nor the grounds of demurrer. It suffices to say that both the motion to strike and the demurrer were overruled, and thereafter plaintiff joined issue on said pleas.

Upon the trial the proof showed that a policy of insurance was issued by defendant to Willie Greenlee on July 14, 1919; that the plaintiff was named as beneficiary in said policy; that on July 14, 1920, which was the expiration of the first policy year, the insured permitted the policy to lapse by failing to pay the premium due on that date; that the policy contains a provision to the effect that a grace of thirty-one days, without any interest charge, is granted for the payment of every premium after the payment of the first; that the insured permitted the period of grace to pass without paying the premium due; that the policy also contains a provision that, if it shall lapse in consequence of the nonpayment of any premium when due, "it may be reinstated at any time upon the production of evidence of insurability satisfactory to the company, and the payment of all overdue premiums with interest at six per centum per annuum;" that on January 21, 1921, insured made written application to

148 Tenn.—16

defendant for a reinstatement of said policy; that this application was on a form furnished by defendant, and provided for the purpose, and, among other things, contained the statements set forth by defendant in its second and fourth pleas; that the premium with interest tendered by the insured in an effort to have the policy reinstated was finally accepted by defendant on February 28, 1921, and, according to the terms of the policy, it became reinstated on that date. The insured died on April 1, 1921, whereupon proofs of death were seasonably and properly made. The defendant having denied its liability on the policy, and having refused payment, this suit was instituted, as before stated, and with the result stated.

The application upon which the policy was reinstated on February 28, 1921, or a copy thereof, was not attached to the policy sued on, and it was insisted by plaintiff that this precluded defendant from using any statement or representation contained in said application for reinstatement as a defense to this action.

This was the view taken by the court of civil appeals, and it was on this ground that the judgment of the trial court was reversed.

Defendant assigns the action of the court of civil appeals in this regard for error, and this is the only question before this court for determination.

It is insisted by defendant that there is no legal requirement that an application to reinstate a policy, or a copy thereof, shall be attached to the policy before it can be relied on in defense of an action on the policy. It is insisted that the common law makes no such requirement, nor is it required by statute.

Chapter 441, Acts of 1907 (Shannon's Code, section 3275a), is as follows: "Every policy ·of insurance issued to or for the benefit of any citizen or resident of this State on or after the first day of July, 1907, by any insurance company or association doing·-business in this State, except fraternal beneficiary associations . . . operating on the assessment plan, shall contain the entire con· tract of insurance between the parties to said contract, and every such contract so issued shall be held as made in this State and construed solely according to the laws of this State."

By section 1 of chapter 457, Acts of 1907, it is provided that no policy of life insurance shall be issued in this State, or be issued by a life insurance company organized under the laws of this State, unless the same shall contain the following provisions:

Subsection 4. "That all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and that no such statement shall avoid the policy unless it is contained in a written application, and a copy of such application shall be indorsed upon or attached to the policy when issued."

It is insisted by defendant that neither of these statutes undertake to regulate the reinstatement of policies which have already issued, but have been permitted to lapse for the nonpayment of premiums, but only deal with the issuance of original policies. It is insisted that these statutes alter the common law on the subject with which they deal and must be strictly construed, and that nothing can be read into them by construction.

"A statute will not be construed to alter the common law, further than the act expressly declares or than is

necessarily implied from the fact that it covers the whole subject-matter." *Lillienkamp* v. *Rippetoe,* 133 Tenn., 64, 179 S. W., 629 (L. R. A., 1916B, 881, Ann. Cas., 1917C, 901) ; *Bennett* v. *Hutchens,* 133 Tenn., 73, 179 S. W., 629.

We are of opinion that defendant's contention is well taken. Neither of the statutes above referred to under- take to regulate the reinstatement of policies which have been permitted to lapse for the nonpayment of premiums, but only relate to the issuance of original policies. This interpretation is made clear by the very language of the statutes themselves. No reference whatsoever is made to the renewal or reinstatement of policies which have been issued. So, following the, well-established rule of con- struction, these statutes must be construed as applying only to matters with which they deal in express terms.

This court, in construing the statutes above referred to in *Arnold* v. *Insurance Co.,* 131 Tenn., 720, 177 S. W., 547, held that warranties and representations made in the application could not be relied on as defense to a suit on the policy unless the application, or a copy there- of, was attached to the policy at the time it was issued. In that case the original policy and application were in- volved.

The question of reinstating a lapsed policy is not dealt with by our statutes, and is therefore governed by the com- mon law, and, it not being required by the common law that such application shall be made a part of or attached to the policy, defendant is not precluded from relying upon the misrepresentations made therein as a defense to the policy sued on.

The court of civil appeals seems to have relied upon the

holding of the supreme court of Iowa in the case of *Goodwin* v. *Provident Savings Life Assurance Society,* 97 Iowa, 226, 66 N. W., 157, 32 L. R. A., 475, 59 Am. St. Rep., 411, as deciding the direct question involved. In that case the Iowa court held that under the provisions of the statute of that State the application for reinstatement must be attached to the policy just as the original application was required to be. The Iowa Statute, however, is broader than ours, and unquestionably relates to the renewal ·or reinstatement of lapsed policies as well as to the issuance of original policies. The statute is as follows:

"All insurance companies or associations shall upon the issue, or renewal, of any policy attach to such policy, or indorse thereon, a true copy of any application or representation of the assured, which, by the terms of such policy, are made a part thereof, or of the contract of insurance, or referred to therein, or which may in any manner affect the validity of such policy. The omission so to do shall not render the policy invalid, but if any company or association neglects to comply with the requirements of this section, it shall . . . be precluded from pleading, alleging or proving such application or representations or any part thereof, or [any] falsity thereof, .. . . in any action upon such policy." McClain's Code, Iowa, section 1733.

That the reinstatement of the policy in the suit at bar was procured by false and fraudulent misrepresentations as to the insured's health is not controverted in this court. . It results, therefore, that the judgment of the court of civil appeals will be reversed, and the judgment of the trial court affirmed, with costs.