New York Life Insurance Company, Appellant, *v.* Edward Rosen and Another, Respondents.*

First Department, November 1, 1929.

*Louis H. Cooke* of counsel [*Ferdinand H. Pease* with him on the brief], for the appellant.

*Abraham H. Sarasohn,* for the respondents.

Martin, J. The sole question here involved is whether the provisions of section 58 of the Insurance Law requiring a policy of insurance when issued to contain the entire contract between the parties and providing that nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings, unless the same are indorsed upon or attached to the policy when issued, apply to the application for the reinstatement of a policy.

The New York Life Insurance Company has brought this action to cancel the reinstatement of a policy of life insurance because of the misrepresentation of material facts made by the insured 'n the application for such reinstatement. (*Johnson* v. *New York Life Ins. Co.,* 224 App. Div. 599.) The defendant has pleaded as a defense that the application for reinstatement mentioned and referred to in the complaint was not attached to or indorsed upon the policy of insurance referred to and described in the complaint and hence under the provisions of section 58 of the Insurance Law the representa-

tions contained in the said application for reinstatement and set forth in the complaint do not constitute a ground for the relief demanded.

Section 58 of the Insurance Law provides as follows: "Every policy of insurance issued or delivered within the State on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the State shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are indorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. Any waiver of the provisions of this section shall be void."

The appellant contends that section 58 has no application to the reinstatement of a policy; that it applies solely to the original contract of insurance which contains the provision that the policy must be reinstated at any time within a certain period upon the production of evidence of insurability satisfactory to the company and the payment of all overdue premiums and any other indebtedness due upon said policy with interest at a rate not exceeding six per cent per annum.

In *Archer* v. *Equitable Life Assurance Society* (218 N. Y. 18) section 58 was construed and it was there held that the original application for an insurance policy must be attached to the policy when issued. It is contended by the respondent that that decision applies to the application for reinstatement of the policy.

It must be borne in mind that the new agreement is not the issuance of a new policy, but a contract for the continuation in force of a former policy. (*Mutual Life Ins. Co.* v. *Dreeben*, 20 F. [2d] 394.)

In *Reidy* v. *John Hancock Mutual Life Ins. Co.* (245 Mass. 373; 139 N. E. 538) a somewhat similar question was involved. The Massachusetts court said: "The applications were not negotiations for a contract of insurance. The policy had been issued and delivered. It was not a new contract which the insured was negotiating, but the revival of a contract under the conditions prescribed by the company and accepted by him. The revival, if accomplished, could only restore the insured to all his rights under the policy, which had not been surrendered, as if he had never been in default."

The right to renew or reinstate the policy was a part of the original contract (*Reed* v. *Missouri Mutual Assn.*, 5 S. W. [2d] 675), and after the policy was renewed or reinstated it was of the same binding force and effect as though there had never been a breach.

In *Linder* v. *Met. Life Ins. Co.* (148 Tenn. 236; 255 S. W. 43) the court said: "We are of opinion that defendant's contention is well taken. Neither of the statutes above referred to undertake to regulate the reinstatement of policies which have been permitted to lapse for the nonpayment of premiums, but only relate to the issuance of original policies. This interpretation is made clear by the very language of the statutes themselves. No reference whatsoever is made to the renewal or reinstatement of policies which have been issued. So, following the well-established rule of construction, these statutes must be construed as applying only to matters with which they deal in express terms."

The statutory provisions of subdivision 10 of section 101 of the Insurance Law (as amd. by Laws of 1923, chap. 28) with reference to the policy requirements as to the reinstatement of an insurance policy fully sets forth the requirements for such reinstatement and is silent with reference to attaching a copy of the application to the policy. Section 58 of the Insurance Law, which provides for attaching the original application for insurance to the policy, expressly states that when the policy is issued such application shall be attached thereto and that all statements purporting to be made by the insured shall be, in the absence of fraud, deemed representations and not warranties. It would require a strained construction to hold that a statute which applies solely to the policy when originally issued may also be applied to a policy when reinstated.

The formality required for the issuance of an original policy is not necessary for a renewal. Physical examinations are not usually required and the same precautions are not taken. We must keep in mind the evils that the Insurance Law was endeavoring to correct by compelling the original application to be attached to the policy. That matter is fully covered in the *Archer Case* (*supra*) which sets forth the reasons for providing that the application be attached to the original policy, which reasons have no bearing on the matter. of reinstatement of a policy.

In the section of the Insurance Law providing for the policy requirements as to the renewal or reinstatement nothing is said about the representations contained in the application, their effect or character, indicating that the absence of such a clause was not an oversight.

The reinstatement provisions of the policy prescribed by statute contain all the essential requirements necessary for the reinstatement of the original contract of insurance and it would be necessary to read into that statute a provision which it does not contain in order to give it the construction contended for by the defendant.

We are of the opinion that the insurance company was not required to attach the application for reinstatement to the policy, and, therefore, the alleged defense is insufficient in law.

The order should be reversed, with ten dollars costs and disbursements, and the motion to strike out the defense granted, with ten dollars costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.