## WALKER *v.* ACACIA MUT. LIFE INS. CO.

(Division B. April 12, 1937.)

[173 So. 453. No. 32687.]

Edwin A. Dunn, of Meridian, for appellant.

**Wells, Wells & Lipscomb,** of Jackson, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant was the sole beneficiary in a policy of life insurance issued by appellee. The policy lapsed for non-payment of premiums, but was reinstated under provisions contained in the policy, among which was that the application for reinstatement must show the applicant to be in good health at the time of such application. It is undenied that the application for reinstatement was untrue in material particulars and that the falsity thereof was well known to the insured when made and forwarded to the company.

A copy of the application for reinstatement was not sent by the company to the insured, and for that reason appellant contends that under section 5174, Code 1930, the company is precluded from any denial of the truth of the statements in the said application for reinstatement; and this presents the sole issue for determination on this appeal.

The cited section reads as follows: "All life insurance companies doing business in the state of Mississippi shall deliver to the insured with the policy, certificate or contract of insurance in any form a copy of the insured's application, and in default thereof said life insurance company shall not be permitted in any court of this state to deny that any of the statements in said application are true."

The language of the statute plainly has reference to the application upon which the original policy is or was issued and delivered, and not to any reinstatement subsequent to the original delivery. To extend the language of the statute to make it mean that for which appellant contends, would be to indulge in judicial legislation, from which, under established principles, we must refrain. In addition, there is the salutary rule of controlling importance here, and that is that "any statutory provision which deprives one of the right to allege and to prove a material fraud, or which places any condition upon a litigant's right to rely upon fraud as a defense, should not be extended by implication beyond the plain meaning of the statutory language." New York Life Ins. Co. v. Buchberg, 249 Mich. 317, 228 N. W. 770, 772, 67 A. L. R. 1483. See, also, Linder v. Metropolitan Life Ins. Co., 148 Tenn. 236, 255 S. W. 43; Holden v. Metropolitan Life Ins. Co., 188 Mass. 212, 74 N. E. 337; National Life Ins. Co. v. Nagel, 260 Mich. 635, 245 N. W. 540; Rothschild v. New York Life Ins. Co., 106 Pa. Super. 554, 162 A. 463; New York Life Ins. Co. v. Rosen, 227 App. Div. 79, 236 N. Y. S. 659.

Had it been necessary that the old policy be surrendered and a new one issued and delivered, or had this, in fact, been done, it may be that a different case might be thereby presented; but so far as this record shows, the old policy remained in the possession of the insured at all times after its original issuance and delivery.

Affirmed.