## HILL, BROWN CORP. v. BOSLER.
### Civ. No. 1251.

United States District Court
D. Rhode Island.
March 31, 1953.

Max Winograd and Marshall B. Marcus, Providence, R. I., for plaintiff.

Jacob S. Temkin and Shayle Robinson, Providence, R. I., for defendant.

LEAHY, District Judge.

This matter was heard on the plaintiff's motion to strike the third defense of the defendant's answer, and on the plaintiff's motion for judgment on the pleadings.

This is an action for an alleged breach of contract, and is brought by Hill, Brown Corporation, a corporation organized and existing under the laws of the State of New York, against Edward A. Bosler, of Providence, Rhode Island, doing business as Edward A. Bosler Company.

In its complaint the plaintiff alleges as the basis of jurisdiction the diversity of citizenship of the parties and the presence of the required jurisdictional amount. The plaintiff alleges further that on the 5th day of October, 1950, plaintiff and defendant entered into a contract, whereby the plaintiff agreed to buy from defendant, and the defendant agreed to sell and deliver to the plaintiff, at a specified price, certain merchandise. Plaintiff alleges further that it has duly performed all the conditions required by said contract to be performed by it, but that the defendant has failed to perform his part of the contract, in that defendant has failed to deliver to the plaintiff said merchandise in accordance with the contract. The complaint concludes with a demand by the plaintiff for judgment against the defendant in the sum of $15,-000.

In his answer, the defendant admits the existence of the contract, but denies that the required jurisdictional amount is involved. The defendant further denies that the plaintiff has duly performed all the conditions required by said contract to be performed by it; denies that he has failed to perform his part of the contract; and denies that he has failed to deliver merchandise to the plaintiff in accordance with the contract.

As an additional defense, designated "Third Defense", the defendant alleges in substance that the contract of October 5, 1950 between the parties was for 50,000 pounds of 10/2 ply, warp twist, natural, Indian cotton yarn on cones, and that said yarn was to have been processed in India and shipped to the United States. The defendant alleges further that the Government of India had restrictions on the export of Indian cotton yarn; that, in this connection, it was necessary to obtain formal approval of two governmental agencies

of India; and that plaintiff had full knowledge of said restrictions.

The defendant alleges further that he placed an order for 100,000 pounds of 10/2 ply, warp twist, natural, Indian cotton yarns on cones, and forwarded to India appropriate commercial letters of credit and all other necessary papers and documents for this purpose; and that he exercised diligence and care in endeavoring to obtain the requisite approval of the two governmental agencies of India, in an effort to obtain delivery in full of his order of 100,000 pounds of said Indian cotton yarn. The defendant alleges that after many uncontrollable delays, clearance was obtained from the Indian governmental authorities for the export from India of 50,000 pounds of the 100,000 pounds of Indian cotton yarn ordered by the defendant.

The defendant alleges further that he has received from India 50,000 pounds of his order of 100,000 pounds. He alleges that prior to the contract of plaintiff and defendant, defendant had agreed to deliver to another party 50,000 pounds of the same type of Indian cotton yarn, which was later ordered by the plaintiff. The defendant alleges that despite the priority in time of the order of said third party, he, the defendant, in good faith offered to deliver to plaintiff 25,000 pounds of the Indian cotton yarn, on the basis that the plaintiff and said third party were entitled to share equally the yarn received by defendant. The defendant alleges that the plaintiff refused to accept said offer of delivery tendered by defendant. The defendant concludes his answer with a demand for judgment dismissing the complaint. No testimony or affidavits have been offered by either party in support of the allegations contained in these pleadings.

The plaintiff has moved to strike the "Third Defense" of the defendant's answer, on the ground that the excuse for nonperformance set forth therein is insufficient in law to excuse the defendant of his obligations under the contract.

■ A motion to strike a defense is not favored for the determination of disputed and substantial questions of law. United States v. Arnhold & S. Bleichroeder, Inc., D.C.S.D.N.Y.1951, 96 F.Supp. 240. Motions to strike are not to be freely granted. Kraus v. General Motors Corporation, D.C.S.D.N.Y.1939, 27 F.Supp. 537, affirmed, 2 Cir., 120 F.2d 109. No deletions will be made unless it is clear that the allegations have no relation to the controversy. Contogeorge v. Spyrou, D.C.S. D.N.Y.1946, 7 F.R.D. 223. Moreover, the moving party should show that he will be unduly prejudiced if the attacked allegations are left in the pleadings. Eastman Kodak Co. v. McAuley, D.C.S.D.N.Y.1941, 2 F.R.D. 21. Finally, a motion to strike a defense will be denied if the defense presents bona fide questions of fact. Milkman v. Aetna Life Ins. Co., D.C.E.D.N.Y.1941, 36 F.Supp. 116.

■ In the instant case the allegations raised in the defendant's third defense are not extraneous to the issues, and the plaintiff has not shown that he will be prejudiced if this defense is permitted to remain among the pleadings. The defendant's third defense presents bona fide questions of fact, as well as disputed and substantial questions of law. These ought not to be stricken, but should be heard and decided on their merits. The plaintiff's motion to strike the "Third Defense" of the defendant's answer is therefore denied.

■■ The plaintiff has also moved for a judgment on the pleadings. It is clear that a judgment on the pleadings is proper only if no material issue of fact is presented by the pleadings. Brinich v. Reading Co., D.C.E.D.Pa.1949, 9 F.R.D. 420. It appears from the pleadings in the instant case that material issues of fact are present here. In his answer the defendant denies the presence of the required jurisdictional amount. He denies that the plaintiff has complied with all the requirements of his contract, and denies that he has himself failed to perform his obligations under the contract. Some of the denials of the defendant present matters which may be decided on further preliminary hearing, but others present issues of fact which can be

decided only after a full trial on the merits. An examination of the contract, the circumstances of its execution, and the circumstances of its attempted performance, appear to the Court to be necessary to enable the Court to properly determine the issues raised by these motions.

The plaintiff's motion to strike the defendant's "Third Defense", and the plaintiff's motion for judgment on the pleadings are therefore denied.