A. C. TAYLOR, Executor of the Estate of E. L. Martin, (Also known as Eff Lynch Martin), Deceased, Plaintiff-Appellee,

v.

H. C. ORTON, Defendant-Appellant.

No. 11091.

United States Court of Appeals Seventh Circuit.

Oct. 4, 1954.

Rehearing Denied Nov. 16, 1954.

Charles A. Thomas, Lucas & Thomas, Chicago, Ill., for defendant-appellant.

Harlan L. Hackbert, Stevenson, Conaghan, Velde and Hackbert, Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff's suit to recover upon a promissory note resulted in a judgment against defendant in the District Court, entered without trial, upon the pleadings. In his answer, defendant admitted execution of the note but asserted, as a second defense, that on May 18, 1947, he executed and delivered a note for $50,000, due in one year, to E. L. Martin without any consideration therefor, upon the payee's inducing statement that he would at no time call upon defendant to pay it; that when the note came due, the payee had died; that his son represented to defendant that he understood the aforesaid arrangement between his father, the deceased payee, and defendant, and that, for certain reasons of his own, in settling the estate, he desired to have a new note; that, thereupon, on May 19, 1948, de-

fendant, at the request of the son, executed the note in suit, and that no consideration passed to defendant for the same.

Defendant averred also that he and the deceased were jointly interested in an oil and gas lease covering certain land in Texas upon which oil was being produced; that deceased's estate had collected the royalties due thereon and had not accounted to defendant for the latter's share, the amount of which he did not know but believed to be in excess of $10,000. He charged further that the deceased was indebted to him in the sum of $2,500 for services rendered in procuring a certain other oil and gas lease. Defendant filed also a counterclaim for royalties and commissions with which, however, we are not now concerned.

Plaintiff moved to strike defendant's second defense on the ground, among others, that it applied only to the original note; that the surrender of that note in exchange for the second constituted a good consideration for the latter, and that delivery of the second note constituted a waiver of any defense of lack of consideration for the first. The court allowed the motion and struck the defense. Defendant then moved for leave to file an amended second defense and tendered to the court his proposed amended pleading in which it was averred, in addition to what had previously been charged, that defendant did not receive any consideration for the note given plaintiff and that there was complete "absence of consideration" for it. The motion for leave to file the amended defense was denied on October 20, 1953. In the meantime plaintiff had filed a motion for judgment on the pleadings under Rule 12(c) F.R.C.P., 28 U.S.C.A., which was denied July 17, 1953.

On October 23, plaintiff moved that the court enter a rule upon defendant to file a more definite statement of the credits to which he claimed to be entitled, in addition to the credits admitted in plaintiff's motion for judgment on the pleadings; and, in the event defendant failed to file such statement, that the

court enter judgment in plaintiff's favor for the full amount of the second note and interest thereon, less the credits admitted. On November 13, 1953, the court ordered defendant to file a more definite statement of the credits claimed. Defendant, in response to said order, filed his statement, under oath, that he verily believed the credits to which he was entitled exceeded those admitted by plaintiff, but that he was unable to state with certainty the exact amount without having made available to him the books and records of the deceased and those of plaintiff. Plaintiff, on December 1, 1953, moved to strike this statement and for judgment in accord with the prayer of its motion of October 23, 1953. On December 2, 1953, the court ordered defendant's statement stricken and entered judgment against defendant for the full amount of the second note with interest, less the credits plaintiff admitted.

On appeal defendant urges that the District Court erred in (1) striking his second defense and refusing to permit him to file an amended second defense; (2) ordering defendant to file a detailed statement of his claimed credits and striking defendant's sworn statement filed in pursuance of said order, and (3) entering judgment against defendant without trial. Plaintiff insists that the only proper question on appeal is whether the trial court abused its discretion in entering judgment, but that, under any and all events, all orders of which complaint is made were proper.

As we have seen, the second defense pleaded and the amended pleading tendered averred not only that the original note was void for lack of consideration, but also that the second note was, by express agreement of the parties, wholly without consideration and that there was "an entire absence of consideration" for it. To our way of thinking, these were averments of fact negating completely any consideration for the note in suit or any intent to waive the defense to the first note. There was, then, no sound basis for the court's action in striking a pleading which directly and expressly put in issue the existence of a good and sufficient consideration for the instrument upon which suit was brought. To strike that defense, was to remove this vital issue of fact from the action and to deprive defendant of any opportunity to present it.

To dub this action as proper, we would be compelled to say, as a matter of law, that every renewal of a note originally without consideration constitutes a waiver of the defense when the renewal note is put in suit, under any and all circumstances. Without regard, for the moment, as to the rule of waiver by renewal in the absence of other circumstances, where it appears, as here, that the defense stricken and that tendered aver a new and different agreement at the time of the execution of the second note which, if proved, would completely rebut any trace of consideration between plaintiff and defendant, the court had no right to strike and destroy defendant's pleaded right to a resolution of the issue of fact tendered, namely, was there consideration for the second note. That question could not be determined on the face of the pleadings,—it can be resolved only from evidence presented at a trial. Whether there was an implied waiver of defense is not to be decided as a matter of law but is a question of the intention of the parties,—a question of fact which can be resolved only when the court has before it the evidence bearing upon the issue. "It is essentially a matter of intention". Dunkel Oil Corp. v. Independent Oil & Gas Co., 7 Cir., 70 F.2d 967, at page 969. See also Universal Gas Co. v. Central Illinois Public Service Co., 7 Cir., 102 F.2d 164, at page 168; Garvy v. Blatchford Calf Meal Co., 7 Cir., 119 F.2d 973, at page 975; Home Indemnity Co. of New York v. Allen, 7 Cir., 190 F.2d 490, at page 491; Burlew v. Fidelity & Casualty Co. of New York, 6 Cir., 64 F.2d 976, at page 977, certiorari denied 290 U.S. 686, 54 S.Ct. 122, 78 L.Ed. 591.

What we have said might well dispose of this appeal, for, when, as we hold, the defense tendered is given its proper effect, the court, with an unresolved ques-

tion of fact confronting it, could not properly enter judgment without determination of the issue. However, we should, perhaps, dispose of the additional assignments of error.

■ Plaintiff's motion for a rule upon defendant "to file * * * a more definite statement of" the credits he claimed was apparently grounded upon Rule 12 (e) F.R.C.P., 128 U.S.C.A., which provides that if a pleading is so vague that "a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement". If the order of the court is not obeyed within the time fixed, the court "may strike the pleading to which the motion was directed or make such order as it deems just." In response to the court's order, defendant filed his sworn statement to the effect that the information desired was within the knowledge of plaintiff,—that is, in his records and those of the deceased, and that, though defendant verily believed the sums due him were greater than those admitted by plaintiff, he could not file a more definite statement without having those records made available to him.

It appeared from the record at that time that plaintiff had sued on a $50,000 note; that defendant had, as one defense, said that he was entitled to an accounting from the deceased's estate and plaintiff for his share of royalties collected by them on the oil lease owned by him and the decedent; that plaintiff first admitted owing him one amount and at a later date a still greater sum; that plaintiff had been and was collecting the joint royalties and keeping the records relating to same; that defendant had no personal knowledge of the collections, and was dependent upon plaintiff's records, but verily believed the sums due him to be more than those admitted by plaintiff and demanded an accounting therefor. All this the court knew from the face of the pleadings. It knew that plaintiff had the royalties and the records thereof and that defendant could not elaborate upon the details, knowledge of which lay in plaintiff, but demanded an account-

ing. It knew also that there was presented to it a genuine issue of fact as to the amount of the oil royalties which plaintiff had collected and held in trust for his co-owner, the defendant. To strike this statement and enter judgment on the note without determining what was due in the demanded accounting, was to deprive defendant of his opportunity to have determined just what his joint adventurer had collected for him. Nothing in any rule justifies a summary judgment on such a state of the proceedings, without regard to the litigants' remedies for discovery, accounting and production of evidence.

■ That the court should not have penalized defendant in this fashion seems apparent; many courts have repeatedly ruled that no order should be entered when the facts sought lie wholly within the knowledge of the moving party. Illustrative are Bowles v. Sigel, D.C., 5 F.R.D. 108; Best Foods v. General Mills, D.C., 3 F.R.D. 275; Mullins v. De Soto Securities Co., D.C., 3 F.R.D. 271; Mitchell v. Brown, D.C., 2 F.R.D. 325; Clark Door Co. v. Yeager, D.C., 1 F.R.D. 770; Philadelphia Retail Jewelers Ass'n v. L. & C. Mayers Co., D.C., 1 F.R.D. 606; Richards v. Walker & Sons Co., D.C., 9 F.R.D. 563. This list is in no wise exhaustive. We conclude that it was error to strike defendant's statement and enter judgment.

■ Plaintiff seems to place some reliance upon Rules 33 and 37. Rule 33 provides that written interrogatories may be served upon the opposing party and that, upon his failure to answer, the court may entertain and act upon a motion for an appropriate order. Rule 37 supplements and amplifies Rule 33 in providing procedure governing depositions and failure to answer interrogatories. Unfortunately, however, for plaintiff, he has not followed the procedure prescribed in these two rules. He did not propound interrogatories extra-judically; he moved for a more definite statement. Nor did he move for an order concerning depositions. Whether either rule may be invoked in future developments of the

litigation is at this time utterly immaterial. The court was powerless to act under either Rule 33 or 37; their provisions had not been invoked.

█ Conceding for the purpose of disposition of this appeal, but not deciding, that the controlling law is that a payor of a note which he admits is merely a renewal of an earlier one may not show that the supplanted note was not an enforcible obligation, it does not follow that the payor is estopped to show that the second note was executed upon a new and different agreement, the terms of which completely negative any liability upon the instrument in suit or any waiver of defense to the original note. Thus, it is unnecessary, for the purposes of this decision, to decide what the law is upon mere renewal, for, by the pleadings, the question is what is the effect of the alleged new agreement,—a question the solution of which will depend upon the proof to be submitted to the trial court pertinent to the issue.

The judgment is reversed with directions to proceed accordingly.