**SANITIZED, INC., Plaintiff,**

v.

**S. C. JOHNSON & SONS, INC., Defendant.**

United States District Court
S. D. New York.
Feb. 18, 1959.

Deane Ramey, New York City, for plaintiff.

Watson, Leavenworth, Kelton & Taggart, New York City, Leslie D. Taggart, New York City, of counsel, for defendant.

BICKS, District Judge.

Plaintiff seeks injunctive relief and damages contending that defendant has infringed its registered trade-mark "Sanitized" [1] and has engaged in unfair competition. The defendant has denied the material allegations of the complaint and has interposed seven affirmative defenses and three counterclaims. *Sub judice* are three motions—one by defendant for summary judgment and two by plaintiff addressed to the form and sufficiency of the responsive pleading.

---

[1] On August 13, 1935, and pursuant to the Act of February 20, 1905, the United States Patent Office issued to plaintiff for a term of twenty years Registration No. 326,972 for plaintiff's trade-mark "Sanitized". Thereafter, and on August 13, 1955, plaintiff caused the said registration to be renewed in accordance with Section 9 of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1059.

232

*Defendant's Motion for Summary Judgment:*

■ As the Court of Appeals for this Circuit stated, "[d]isputes between parties as to trade-mark validity and infringement can rarely be determined satisfactorily on a motion for summary judgment." Marcus Breier Sons, Inc., v. Marvlo Fabrics, Inc., 2 Cir., 1949, 173 F.2d 29. See also Albert Dickinson Co. v. Mellos Peanut Co., 7 Cir., 1950, 179 F.2d 265, 270. By the very nature of trade-mark infringement and related unfair competition actions, it is difficult to determine from affidavits alone the existence *vel non* of a genuine issue of fact. The moving papers fail to overcome the strong presumption of validity which attaches when the Patent Office allows registration. See Aluminum Fabricating Co. v. Season-All Window Corp., 2 Cir., 1958, 259 F.2d 314, 317.

■ Whether plaintiff's trade-mark is generic or descriptive; whether, in any event, it has acquired such a secondary meaning as to entitle it to protection; whether consumer confusion has occurred or is likely to occur; and whether defendant's use of the words "sanitizer", "sanitizes" and "sanitizing" in connection with its product constitutes an infringement of plaintiff's trade-mark "Sanitized" are issues which can best be resolved upon a trial.

*Plaintiff's Motion to Strike Third Affirmative Defense:*

■ The third affirmative defense alleges that plaintiff's trade-mark "has been and/or is being used by plaintiff, its licensees and customers to violate the anti-trust laws of the United States." Plaintiff contends that, assuming arguendo the truth of such allegation, it does not constitute a defense to the infringement action. Accordingly, plaintiff moves that said defense be stricken pur-

suant to Fed.R.Civ.P. 12(f), 28 U.S.C.A. While the law on this subject has not yet entirely crystallized, it appears that use of a trade-mark to violate the antitrust laws may constitute "unclean hands" and disentitle the trade-mark owner to relief. See G. D. Searle & Co. v. Institutional Drug Distributors, Inc., D.C.S.D.Cal.1957, 151 F.Supp. 715; Forstmann Woolen Co. v. Murray Sices Corp., D.C.S.D.N.Y.1950, 10 F.R.D. 367; 4 Callmann, Unfair Competition and Trade-Marks § 97.3(c)(4) at pp. 2083–2084 (2d ed. 1950); 2 Nims, Unfair Competition and Trade-Marks § 418 (4th ed. 1947). Cf. Timken Roller Bearing Co. v. United States, 1951, 341 U.S. 593, 598–599, 71 S.Ct. 971, 95 L.Ed. 1199. But see Comment, 32 N.Y.U.L.Rev. 1002 (1957). The insufficiency of the defense sought to be striken here is not clearly apparent and may better be determined at trial. See Maschmeijer v. Ingram, D.C.S.D.N.Y.1951, 97 F.Supp. 639; 1 Barron and Holtzoff, Federal Practice and Procedure § 368 at p. 750 (1950).[2]

*Plaintiff's Motion to Dismiss the Second Counterclaim:*

■■ The second counterclaim, in its entirety, reads as follows:

"Defendant believes that it is or will be damaged by plaintiff's Registration No. 326,972 and therefore applies, as provided in Sections 14 and 37 of the trademark Act of 1946 (15 U.S.C. [§] 1064 and 15 U.S.C. [§] 1119), to cancel said registration.

"Wherefore defendant prays that the court order the cancellation of Registration No. 326,972."

Even in this era of liberalized notice pleading, the counterclaim must be deemed unacceptable. The reference to 15 U.S.C.A. §§ 1064, 1119 does not render the pleading more meaningful or less

2. As to the reluctance to resort to Rule 12(f) for the purpose of pre-trial determination of substantial questions of law, see Lopez v. Resort Airlines, Inc., D.C.S.D.N.Y.1955, 18 F.R.D. 37, 41 and note 12; 2 Moore, Federal Practice Para. 12.21[3] (2d Ed.1948); 1 Barron and Holtzoff, op. cit. § 369 at p. 755 and cases there cited.

objectionable since neither of said sections declares a substantive right. Section 1064 prescribes time limitations for making application to cancel registrations. Section 1119 relates to the jurisdiction of the court in actions involving registered marks. Defendant's bald averment that it "believes that it is or will be damaged by plaintiff's registration" of the mark fails to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6).

*Plaintiff's Motion to Make the Third Counterclaim More Definite and Certain:*

The third counterclaim reads:

"Defendant believes and therefore alleges that plaintiff is liable to defendant under Section 38 of the Trade-Mark Act of 1946 (15 U.S.C. [§] 1120) and Section 43(a) of the Trade-Mark Act of 1946 (15 U.S.C. [§] 1125(a).

"Wherefore defendant prays that plaintiff be enjoined from using the word 'sanitizes' falsely in connection with each and all of plaintiff's goods and/or services and/or the goods or services of plaintiff's licensees and/or customers; that plaintiff be required to account for damages to defendant under said Sections 38 and 43(a); that plaintiff be required to reimburse defendant for reasonable counsel fees in connection with the present action; and that costs be assessed against the plaintiff."

15 U.S.C.A. § 1120 [3] provides a remedy by a civil action in favor of any person injured by the procurement of a trademark registration by false or fraudulent declaration or representation. 15 U.S.C.A. § 1125(a),[4] imposes a civil liability, *inter alia*, for "a false designation of origin, or any false description or representation, \* \* \* tending falsely to describe or represent the same."

Plaintiff is left without notice of the nature of defendant's claim, save only that it allegedly violated the designated two statutes. Ignorant of which of the numerous statutory interdictions defendant contends were violated, plaintiff "cannot reasonably be required to frame a responsive pleading." See Fed. R.Civ.P. 12(e). See also Fed.R.Civ.P. 8(a)(2).

### Order

Defendant's motion for summary judgment is denied.

Plaintiff's motion (i) to strike the third affirmative defense is denied; (ii) to dismiss the second counterclaim is granted with leave to amend; and (iii) to make the third counterclaim more definite and certain is granted. The amended pleading shall be served and filed within 30 days from the date hereof. If the amended pleading contains averments of fraud the circumstances constituting fraud shall be stated with the particularity required by Fed.R.Civ. P. 9(b).

So ordered.

---

3. "Any person who shall procure registration in the Patent Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof."

4. "Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation."