OCCIDENTAL LIFE INSURANCE COM-
PANY OF CALIFORNIA, Plaintiff,

v.

Alice FRIED, Defendant.

Civ. No. 9481.

United States District Court
D. Connecticut.

July 8, 1965.

Frank E. Callahan, of Wiggin & Dana, New Haven, Conn. (Robert F. Cavanaugh, of Wiggin & Dana, New Haven, Conn., on the brief), for plaintiff.

Maurice J. Magilnick, of Magilnick & Elstein, Bridgeport, Conn., and Edward G. Burstein, of Burstein & Goldman, Bridgeport, Conn., for defendant.

TIMBERS, Chief Judge.

Plaintiff, Occidental Life Insurance Company of California, brought this declaratory judgment action, founded on diversity jurisdiction, seeking an adjudication that a $100,000 life insurance policy issued by it on the life of Max Fried (the insured), deceased husband of defendant, is null and void because of material misrepresentations made by him concerning his health in an application for reinstatement of that policy after it had lapsed for non-payment of premiums.

Defendant's answer denied the falsity of the insured's statements in the reinstatement application and alleged as special defenses (i) that the language of Question 8 in the reinstatement application,[1] which seeks information concerning applicant's health, is ambiguous, and (ii) that plaintiff, upon demand by the insured for a copy of his reinstatement application, failed within thirty days thereafter to furnish him with a copy of it and therefore, pursuant to Section 38–158 of the Connecticut General Statutes,[2] is barred from using any allegedly false statements contained therein.

Plaintiff has moved, pursuant to Rule 12(f), Fed.R.Civ.P., to strike both special defenses as legally insufficient.

 The standard of legal sufficiency to be applied under Rule 12(f) has been stated by Professor Moore as follows:[3]

"A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear."

1. "8. Since the date of the application for the policy (policy issued first if more than one): (Answer all questions 'yes' or 'no'.)

 a. Has the Life Insured had any illness or injury?

 b. Has the Life Insured consulted a physican, specialist or any other practitioner?"

Both sub-questions were answered in the negative by the insured; the two negative answers are, according to Occidental, the misrepresentations upon which it relied in reinstating the insured's lapsed policy.

2. Conn.Gen.Stat. § 38–158 (1958):

"Each person within this state holding a policy of insurance issued by a life insurance company doing business in this state shall be furnished by such company with a copy of the application upon which such policy was issued, upon demand made for such copy by the holder of such policy, or by any person upon whose life such policy was issued. If such company fails for thirty days from the time of such demand to furnish to such person a copy of such application, it shall be forever barred from setting up, by way of defense to any suit on such policy of insurance, any error, incorrectness, fraud or misrepresentation of the person making the same, or any mistake therein; and such application shall thereafter be taken and held, so far as the same may affect any claim under such policy, or any fund secured thereby, to be in all respects true and correct."

3. 2 Moore's Federal Practice ¶12.21 [3], at 2320 (2d ed. 1964).

It is well established that a motion to strike may not be used to determine disputed and substantial questions of law[4] or fact.[5] The legal insufficiency of defendant's special defenses must be "clearly apparent" before plaintiff's motion to strike them may be granted.[6]

### FIRST SPECIAL DEFENSE

■ Plaintiff claims that the phrase in Question 8, "date of the application for the policy", can be interpreted reasonably as referring only to the date the insured applied for the *original* policy sought to be reinstated. Defendant contends that the disputed phrase may be construed with equal plausibility as referring to another time, such as "the date [the insured] received [the reinstatement] application" or "during the last three or five years."[7] The phrase being susceptible of these other interpretations, defendant argues, the issue of ambiguity should not be summarily adjudicated on a Rule 12(f) motion, but should be determined at trial by the trier of the facts.

When the language of the reinstatement application is read with the provision of the policy itself setting forth the conditions for reinstatement,[8] it is apparent that the disputed phrase in question 8 refers to the date of application for the original policy. Plaintiff, in its form of application for reinstatement, seeks further evidence of insurability to complement that which it obtained in the application for the original policy.

That question 8 requires disclosure of an insured's medical history since his application for the original policy sought to be reinstated, is further evidenced by the parenthetical qualification of question 8—"policy issued first if more than one." The latter phrase indicates that plaintiff sought medical history not already contained in its files, that is, medical history subsequent to the insured's application for the original policy issued to him.

In view of the purpose for which the information was sought in question 8, the conditions for reinstatement set forth in the policy, the context in which the disputed phrase appears in the reinstatement application, and the reasonableness of plaintiff's requesting and the insured's furnishing medical history since the date of application for the original policy, the Court concludes that plaintiff's construction of the phrase in question is the only permissible one as a matter of common sense and that there is no ambiguity.[9]

---

4. Stonybrook Tenants Ass'n, Inc. v. Alpert, 29 F.R.D. 165, 168 (D.Conn.1961); Garlock v. New York Tree Savers, Inc., 199 F.Supp. 59, 61 (W.D.N.Y.1961); United Artists Associated, Inc. v. NWL Corp., 198 F.Supp. 953, 959 (S.D.N.Y.1961); Lopez v. Resort Airlines, 18 F.R.D. 37, 40–41 (S.D.N.Y.1955); United States v. Southerly Portion of Bodie Island, N.C., 114 F.Supp. 427 (E.D.N.C.1953).

5. Massey-Ferguson, Inc. v. Bent Equipment Co., 283 F.2d 12, 15 (5 Cir. 1960); Taylor v. Orton, 216 F.2d 62, 64 (7 Cir. 1954); Hill, Brown Corp. v. Bosler, 14 F.R.D. 170 (D.R.I.1953); Reid v. Doubleday & Co., 109 F.Supp. 354, 357 (N.D. Ohio 1952); Intra-Mar Shipping v. John S. Emery & Co., 11 F.R.D. 284, 287 (S.D. N.Y.1951).

6. Massey-Ferguson, Inc. v. Bent Equipment Co., supra note 5, at 14; Garlock v. New York Tree Savers, Inc., supra note 4; Sanitized, Inc. v. S. C. Johnson & Sons, Inc., 23 F.R.D. 230, 232 (S.D. N.Y.1959); Smith v. Piper Aircraft Corp., 18 F.R.D. 169, 177 (M.D.Pa. 1955).

7. Defendant's Memorandum In Opposition Of Plaintiff's Motion To Strike, p. 4.

8. *"Reinstatement—*unless this policy has been surrendered for its cash value, it may be reinstated at any time within five years after the date to which premiums were paid. Reinstatement shall be subject to evidence of insurability of the insured satisfactory to the Company. Reinstatement shall also require payment of all overdue premiums and payment of interest on such premiums and indebtedness at 5% compounded annually."

9. The fact that the reverse side of the application, which seeks information regarding the insured's family and is to be filled out only if the policy contains a family insurance rider, expressly refers to the "date of the original application", does not detract, in the view of this Court, from the conclusion reached concerning question 8.

The legal insufficiency of the defense of ambiguity being clearly apparent, plaintiff's motion to strike defendant's first special defense is granted.

## SECOND SPECIAL DEFENSE

Defendant alleges that plaintiff, having failed to furnish the insured a copy of his application for reinstatement within thirty days of his demand therefor, is barred, pursuant to Section 38–158 of the Connecticut General Statutes,[10] from relying on statements made therein to establish its claim of misrepresentation. Defendant urges the applicability of Section 38–158 on the ground that the statutory phrase, "the application upon which such policy was issued", encompasses an application for reinstatement as well as the application for the original policy. Plaintiff contends that the phrase applies only to the application upon which the original policy was issued. The critical dispute boils down to whether the word "issued" refers only to issuance of the original policy or whether it reasonably can be interpreted to encompass reinstatement of a lapsed policy.

■ For the purpose of testing the legal sufficiency of defendant's second special defense pursuant to a motion to strike, facts well pleaded by defendant must be accepted as true.[11] For the purpose of its motion, therefore, plaintiff will be deemed to have admitted defendant's allegation that it failed to furnish the insured a copy of his application for reinstatement within 30 days of his demand therefor.

■ The statutory language in question has never been construed by the Connecticut Supreme Court of Errors, nor by any Connecticut state court, so far as this Court has been able to ascertain.[12] The Court, therefore, must "make its own determination as to what the state courts would probably do," [13] exercising "its independent judgment as to what the statute means, guided by analogous decisions, if any, and the court's own reasoning as to the intended public policy." [14]

The Court finds Judge Cornell's decision in New York Life Ins. Co. v. Wegner,[15] a Connecticut Superior Court case involving a factual situation virtually identical to that of the instant case and involving construction of a policy provision comparable to that of Section 38–158, persuasive in ascertaining the meaning of the disputed statutory phrase in the instant case. The court in *Wegner*

10. Supra note 2.

11. United States v. Certain Parcels of Land in City of Cheyenne, 141 F.Supp. 300, 305 (D.Wyo.1956); United States v. Southerly Portion of Bodie Island, N.C., 114 F.Supp. 427, 428 (E.D.N.C.1953); cf. Lehmann Trading Corp. v. J & H Stolow, Inc., 184 F.Supp. 21 (S.D.N.Y. 1960).

12. "A federal court passing on a motion to strike in a diversity case, involving substantive law and not procedure, must view the matter the same as a state court. We are just another state court in these premises." Josewski v. Midland Constructors, 117 F.Supp. 681, 682 (D.S.D. 1953).

13. Riccuiti v. Voltarc Tubes, Inc., 277 F.2d 809, 812 (2 Cir. 1960).

14. 1A Moore's Federal Practice ¶ 0.309 [2], at 3327 (2d ed. 1965); Locke Manufacturing Companies v. United States, 237 F.Supp. 80, 85–86 n. 8 (D.Conn. 1964); Masterson v. Atherton, 223 F.

Supp. 407, 410 (D.Conn.1963), aff'd, 328 F.2d 106 (2 Cir. 1964); Hazlitt v. Fawcett Publications, Inc., 116 F.Supp. 538, 544 (D.Conn.1953).

15. 6 Conn.Supp. 431 (1938).
 In *Wegner*, an action for cancellation of a life insurance policy on the ground that the insured made misrepresentations with respect to his health in an application for reinstatement of the policy, the insured's beneficiary, by way of special defense, contended that the insurer was barred from relying on statements made in the reinstatement application, which the insurer failed to annex to the policy, by reason of the policy provision requiring that "a copy of the application [be] endorsed upon or attached to the policy when issued." The insurer's demurrer to the special defense on the ground that the policy provision in question did not apply to fraud in an application for reinstatement of a lapsed policy, was sustained.

construed a provision in a life insurance policy stating, "The policy and the application therefor \* \* \* constitute the entire contract. \* \* \* No statement shall avoid the policy or be used in defense of a claim under it, unless it is contained in the written application and a copy of the application is endorsed upon or attached to the policy when issued." The court held that this policy provision did not bar the insurer, in its action to cancel the policy, from relying on misrepresentations made by the insured in his application for reinstatement of the policy.[16] In so holding the court relied on decisions of the courts of other states construing statutory and policy provisions which Judge Cornell found analogous to the provision in the *Wegner* policy.

The statutes relied upon in the *Wegner* decision provide, as do the statutes in a large number of states, that a policy shall contain the entire contract between an insured and insurer, and therefore nothing in the application for issuance of a policy shall be incorporated in the policy or be admissible in evidence unless a copy of such application shall be attached to the policy when issued. These provisions are referred to as "entire contract" or "attachment" statutes. In a majority of the states which have the so-called entire contract or attachment statutes, the courts, construing either the statutes or policy provisions inserted pursuant thereto, have held that they do not apply to applications for reinstatement.[17] Some of these decisions, as defendant points out, are grounded on the difficulty of requiring insurers to attach a reinstatement application to the policy when, at the time of reinstatement, the policy ordinarily is under the control of the insured.[18] A number of courts in reaching the same conclusion, however, have relied on other factors relevant to this Court's interpretation of the Connecticut statute, such as the absence of express statutory or contractual reference to applications for reinstatement,[19] the use of the word "application" in the

16. The Court notes that the policy in the instance case contains a provision similar to that in the *Wegner* policy. Had defendant here elected to rely on the policy provision, rather than Section 38–158, this Court would be bound by the decision in *Wegner*. By relying solely on the statute, defendant in effect is arguing that the statute has a broader scope than the contract provision.

The Court is aware that, as pointed out by defendant, the *Wegner* decision was not grounded on Section 38–158. Defendant, in arguing the inapplicability of the statute to the instant case, urges as significant the fact that neither counsel nor the court apparently thought Section 38–158 relevant to the issue there involved although the statute was in effect at the time of the decision. This Court is reluctant to conjecture as to the significance, if any, of the failure of counsel and the court in *Wegner* to rely on Section 38–158. Since defendant has raised the point, however, the Court suggests that it is equally plausible that counsel and the court in *Wegner* thought the protection afforded the insured by Section 38–158 no greater than that afforded by the policy provision and, therefore, had no reason to invoke the statutory provision.

17. 3 Appleman, Insurance Law and Practice § 1992, at 633 (1951) and cases there cited.

A similar result has been reached in Mississippi where the statute required "delivery" of the application, rather than "attachment." Walker v. Acacia Mutual Life Ins. Co., 178 Miss. 395, 173 So. 453 (1937).

In states such as Louisiana and Ohio, where the statutes provided, respectively, for attachment of "the application or any other document" and for return to the insured of "a full and complete copy of each application or other document held by it which is intended in any manner to affect the force or validity of such policy", the opposite result has been reached in reliance on the statutory reference to "any other document." Eddins v. National Life and Accident Ins. Co., 173 La. 644, 138 So. 430 (1931) ; Acacia Mutual Life Ins. Co. v. Weissman, 164 Ohio St. 82, 128 N.E.2d 34 (1955).

18. E.g., New York Life Ins. Co. v. Buchberg, 249 Mich. 317, 228 N.W. 770, 67 A.L.R. 1483 (1930).

19. Linder v. Metropolitan Life Ins. Co., 148 Tenn. 236, 255 S.W. 43 (1923).

singular,[20] and, with reference to the word "issued", the fact that a policy is issued long before application for reinstatement ordinarily is made.[21]

Since the Connecticut statute, on its face, does not appear to be an entire contract or attachment statute, defendant argues that the interpretations given such statutes in other jurisdictions are not applicable here. The Court agrees with the premise of defendant's argument: Section 38–158 is not, strictly speaking, an entire contract or attachment statute. The Court does not agree with the conclusion drawn by defendant from that premise: that the Connecticut legislature by enacting Section 38–158 intended to provide an insured with greater protection than that furnished by entire contract or attachment statutes.

Defendant's conclusion as to the intent of the Connecticut legislature is pure conjecture. The essential difference between the Connecticut statute and the typical entire contract or attachment statute is a mechanical one; in lieu of requiring physical annexation of an application to a policy, the Connecticut statute requires an insured to demand a copy of his application. The Court is not persuaded that the Connecticut statute should be given broader application than that uniformly given to entire contract or attachment statutes. And certainly there is no basis for holding that the Connecticut legislature so intended.

Defendant points out that the New York legislature, in separate subsections

of its insurance law, has established procedures pursuant to which an insured may obtain a copy of his original application [22] and of his reinstatement application.[23] Defendant argues from this that the Court should ascribe to the Connecticut statute, which has no express reference to reinstatement applications, a scope as broad as that of both New York provisions. Defendant's argument is the more untenable in light of the Connecticut statute which requires an insurer to furnish an insured copies of both original and reinstatement applications for health and accident policies.[24] By referring separately and expressly to applications for reinstatement of this type of insurance, the Connecticut legislature has recognized the difference between original issuance and reinstatement provided in the New York insurance law.

■ Construing Section 38–158 to be limited to applications for original policies and not to reinstatement applications, moreover, comports with what this Court understands to be the dominant legislative purpose. The statute is intended to afford an insured access to all documents prescribing the terms and conditions of a contract of insurance so as to disclose any alteration of such terms and conditions, attributable either to his own misstatements or to those of an agent of the insurer.

■ An application for reinstatement, however, if accepted by the insurer, does not alter the terms and con-

---

**20.** Murray v. Metropolitan Life Ins. Co., 193 S.C. 368, 8 S.E.2d 314 (1940).

**21.** De Valpine v. New York Life Ins. Co., 105 S.W.2d 977 (Mo.Ct.App.1937).

**22.** New York Insurance Law, McKinney's Consol. Laws, c. 28, § 142(1).

**23.** Id. at § 142(5).

**24.** Conn.Gen.Stat. § 38–169(a) (1958):
"The insured shall not be bound by any statement made in an application for a policy unless a copy of such application is attached to or endorsed on the policy when issued as a part thereof. If any such policy delivered or issued for delivery to any person in this state is reinstated or renewed, and the insured or the beneficiary or assignee of such policy makes written request to the insurer for a copy of the application, if any, for such reinstatement or renewal, the insurer shall, within fifteen days after the receipt of such request at its home office or any branch office of the insurer, deliver or mail to the person making such request, a copy of such application. If such copy is not so delivered or mailed, the insurer shall be precluded from introducing such application as evidence in any action or proceeding based upon or involving such policy or its reinstatement or renewal."

ditions of the basic contract of insurance; they customarily are already embodied in the policy itself, including any endorsements or documents attached. Upon reinstatement, the terms and conditions of the original policy do not change;[25] premium rates, cash surrender value, loan value, beneficiary designation, an insured's indebtedness under the policy—in short, all basic obligations and rights—remain the same.[26] The reinstatement provision is merely another contingent contractual feature of the policy pursuant to which the insured, having permitted his policy to lapse, is entitled, upon compliance with the conditions prescribed therein, including production of satisfactory evidence of insurability, to reinstatement of the original contract.

Since an application for reinstatement cannot change the terms and conditions of the original contract of insurance, Section 38–158 is inapplicable.[27] The Court, in giving effect to the underlying policy of the statute, should not, by judicial implication, read into the express terms of the statute, a provision which the Connecticut legislature did not see fit to include.[28]

In view of the plain language of the statute, the underlying public policy intended, the legislature's recognition in a comparable statute of the difference between original issuance and reinstatement, and guided by analogous decisions, the Court concludes that Section 38–158 refers only to the application upon which the original policy was issued and not to an application for reinstatement of a lapsed policy. Accordingly, Section 38–

25. The reinstatement provision of the instant policy (supra note 8) provides for no alteration of the terms and conditions of the original policy.

26. Defendant argues that the employment of terms such as "new policy" and "issued" in the clause of the instant policy authorizing an option to "Change To Whole Life Insurance" (Plaintiff's Exhibit "A", p. 6) is "suggestive" of the conclusion that "reinstatement of a lapsed policy is in effect a new contract" (Defendant's Memorandum In Opposition Of Plaintiff's Motion To Strike, pp. 18–19). Defendant's reliance on the "Change To Whole Life Insurance" provision is misplaced. The reference to "new policy" and "issued" in the "Change To Whole Life Insurance" clause is appropriate because the insured who elects to exercise that option, that is, to convert his policy, substantially alters the rights and obligations of the parties contained in the original policy. In effect the insured receives and the company issues a new policy. Reinstatement of a policy, as contrasted with conversion, effects no substantial alteration of the parties' original contractual relationship.

27. The New York Court of Appeals, relying on the underlying policy of the predecessor of Section 142(1) of the New York Insurance Law—a policy which this Court believes to be analogous to that underlying the Connecticut statute—held that an insurer was not barred from using misrepresentations contained in an application for reinstatement to attack the validity of the reinstatement. Axelroad v. Metropolitan Life Ins. Co., 267 N.Y. 437, 196 N.E. 388 (1935).

28. The Court recognizes that in some jurisdictions the courts follow a formal rule of restrictive statutory construction in interpreting statutes which deny a litigant his common law right to prove a material fraud. The rule has been stated as follows:

"Any statutory provision which deprives one of the right to allege and to prove a material fraud, or which places any condition upon a litigant's right to rely upon fraud as a defense, should not be extended by implication beyond the plain meaning of the statutory language."

New York Life Ins. Co. v. Buchberg, 249 Mich. 317, 324, 228 N.W. 770, 772, 67 A.L.R. 1483 (1930); accord, Walker v. Acacia Mut. Life Ins. Co., 178 Miss. 395, 400, 173 So. 453 (1937); New York Life Ins. Co. v. Rosen, 227 App.Div. 79, 81, 236 N.Y.S. 659 (1929); Rothschild v. New York Life Ins. Co., 106 Pa.Super. 554, 561, 162 Atl. 463 (1932); Linder v. Metropolitan Life Ins. Co., 148 Tenn. 236, 243–244, 255 S.W. 43 (1923). In view of the clear inapplicability of the Connecticut statute to the instant case, the Court finds it unnecessary to apply this canon of construction—nor to assess its acceptability in this jurisdiction.

158 does not bar plaintiff's use of alleged misrepresentations made by the insured in his application for reinstatement.

The legal insufficiency of defendant's second special defense being clearly apparent, plaintiff's motion to strike it is granted.